872 A.2d 81

**ATTORNEY GRIEVANCE COMMISSION OF MARYLAND**

v.

**James L. PRICHARD.**

**Misc. Docket AG No. 50, Sept. Term, 2003.**

Court of Appeals of Maryland.

April 11, 2005.

---

Raymond A. Hein, Asst. Bar Counsel (Melvin Hirshman, Bar Counsel for Atty. Grievance Com'n), for petitioner.

Argued before BELL, C.J., RAKER, WILNER, HARRELL, BATTAGLIA, GREENE and JOHN C. ELDRIDGE (Retired, specially assigned), JJ.

BELL, C.J.

The Attorney Grievance Commission of Maryland (the "Commission"), through Bar Counsel and pursuant to Maryland Rule 16–751,[1] filed against James L. Prichard, the respondent, a Petition for Disciplinary or Remedial Action, in which it was alleged that he violated Rules 1.15 (Safekeeping

---

1. Maryland Rule 16–751(a), as relevant, provides:

   "(a) *Commencement of disciplinary or remedial action.*

   (1) *Upon approval of the Commission.* Upon approval or direction of the Commission, Bar Counsel shall file a Petition for Disciplinary or Remedial Action in the Court of Appeals."

Property);[2] 8.1 (Bar Admission and Disciplinary Matters)[3] and 8.4 (Misconduct),[4] of the Rules of Professional Conduct, Appendix: Rules of Professional Conduct of the Maryland Rules, Maryland Rule 16–812, Maryland Rules 16–603 (Duty to Maintain Account)[5]; 16–604 (Trust Account—Required De-

---

2. Maryland Rule 1.15(a) provides, as relevant:

"(a) A lawyer shall hold property of clients or third persons that is in a lawyer's possession in connection with a representation separate from the lawyer's own property. Funds shall be kept in a separate account maintained pursuant to Title 16, Chapter 600 of the Maryland Rules. Other property shall be identified as such and appropriately safeguarded. Complete records of such account funds and of other property shall be kept by the lawyer and shall be preserved for a period of five years after termination of the representation.

"(b) Upon receiving funds or other property in which a client or third person has an interest, a lawyer shall promptly notify the client or third person. Except as stated in this Rule or otherwise permitted by law or by agreement with the client, a lawyer shall promptly deliver to the client or third person any funds or other property that the client or third person is entitled to receive and, upon request by the client or third person, shall promptly render a full accounting regarding such property."

3. Rule 8.1. *Bar Admission and Disciplinary Matters*, provides, in pertinent part:

"An applicant for admission or reinstatement to the bar, or a lawyer in connection with a bar admission application or in connection with a disciplinary matter, shall not:

\*     \*     \*

(b) fail to disclose a fact necessary to correct a misapprehension known by the person to have arisen in the matter, or knowingly fail to respond to a lawful demand for information from an admissions or disciplinary authority, except that this Rule does not require disclosure of information otherwise protected by Rule 1.6.

4. Rule 8.4 states, in pertinent part:

"It is professional misconduct for a lawyer to:

\*     \*     \*

"(d) engage in conduct that is prejudicial to the administration of justice."

5. Maryland Rule 16–603 provides:

"An attorney or the attorney's law firm shall maintain one or more attorney trust accounts for the deposit of funds received from any source for the intended benefit of clients or third persons. The account or accounts shall be maintained in this State, in the District of Columbia, or in a state contiguous to this State, and shall be with an approved financial institution. Unless an attorney maintains such

posit) [6] and Maryland Code (1989, 2000 Replacement Volume) §§ 10–302(a) [7] and 10–306 [8] of the Business Occupations and Professions Article. We referred the matter, pursuant to Rule 16–752(a), [9] to the Honorable Pamela L. North of the Circuit Court for Anne Arundel County, for hearing pursuant to Rule 16–757(c). [10] The respondent, having failed to respond

an account, or is a member of or employed by a law firm that maintains such an account, an attorney may not receive and accept funds as an attorney from any source intended in whole or in part for the benefit of a client or third person."

6.  Maryland Rule 16–604 provides:

    "Except as otherwise permitted by rule or other law, all funds, including cash, received and accepted by an attorney or law firm in this State from a client or third person to be delivered in whole or in part to a client or third person, unless received as payment of fees owed the attorney by the client or in reimbursement for expenses properly advanced on behalf of the client, shall be deposited in an attorney trust account in an approved financial institution. This Rule does not apply to an instrument received by an attorney or law firm that is made payable solely to a client or third person and is transmitted directly to the client or third person."

7.  Section 10–302. *Attorney trust account.*

    (a) Unless a lawyer or the firm of the lawyer maintains an attorney trust account in accordance with this subtitle and the Maryland Rules, the lawyer may not accept trust money.

8.  Section 10–306. *Misuse of trust money.*

    A lawyer may not use trust money for any purpose other than the purpose for which the trust money is entrusted to the lawyer.

9.  Rule 16–752(a) provides:

    "(a) *Order.* Upon the filing of a Petition for Disciplinary or Remedial Action, the Court of Appeals may enter an order designating a judge of any circuit court to hear the action and the clerk responsible for maintaining the record. The order of designation shall require the judge, after consultation with Bar Counsel and the attorney, to enter a scheduling order defining the extent of discovery and setting dates for the completion of discovery, filing of motions, and hearing."

10. Maryland Rule 16–757(a) provides:

    "(a) *Generally.* The hearing of a disciplinary or remedial action is governed by the rules of evidence and procedure applicable to a court trial in a civil action tried in a circuit court. Unless extended by the Court of Appeals, the hearing shall be completed within 120 days after service on the respondent of the order designating a judge. Before the conclusion of the hearing, the judge may permit any

to the Petition, an order of default, pursuant to Maryland Rule 2–613(b),[11] setting a trial date more than thirty days subsequently, was entered against him. Although notified, as required by Rule 2–613(c),[12] that the order of default had been entered, the respondent did not move to vacate the order, as required by Rule 2–613(d).[13] On the day set for the hearing, the hearing judge conducted a hearing, after which she issued a Memorandum Of Findings Of Fact And Conclusions Of Law, making findings of fact and drawing conclusions of law in accordance with Maryland Rule 16–757(c),[14] as follows:

complainant to testify, subject to cross-examination, regarding the effect of the alleged misconduct. A respondent attorney may offer, or the judge may inquire regarding, evidence otherwise admissible of any remedial action undertaken relevant to the allegations. Bar Counsel may respond to any evidence of remedial action."

11. Maryland Rule 2–613(b) provides:
"(b) *Order of Default.* If the time for pleading has expired and a defendant has failed to plead as provided by these rules, the court, on written request of the plaintiff, shall enter an order of default. The request shall state the last known address of the defendant."

12. Maryland Rule 2–613(c) provides:
"(c) *Notice.* Promptly upon entry of an order of default, the clerk shall issue a notice informing the defendant that the order of default has been entered and that the defendant may move to vacate the order within 30 days after its entry. The notice shall be mailed to the defendant at the address stated in the request and to the defendant's attorney of record, if any. The court may provide for additional notice to the defendant."

13. Maryland Rule 2–613(d) provides:
"(d) *Motion by Defendant.* The defendant may move to vacate the order of default within 30 days after its entry. The motion shall state the reasons for the failure to plead and the legal and factual basis for the defense to the claim."

14. Maryland Rule 16–757(c) provides:
"(c) *Findings and conclusions.* The judge shall prepare and file or dictate into the record a statement of the judge's findings of fact, including findings as to any evidence regarding remedial action, and conclusions of law. If dictated into the record, the statement shall be promptly transcribed. Unless the time is extended by the Court of Appeals, the written or transcribed statement shall be filed with the clerk responsible for the record no later than 45 days after the conclusion of the hearing. The clerk shall mail a copy of the statement to each party."

### *Findings of Fact*

"The Respondent was admitted to the Maryland Bar on June 17, 1976. Pursuant to an Order of the Court of Appeals filed May 27, 2003, he was indefinitely suspended by consent from practicing law in this State, retroactive to May 1, 2003. *Attorney Grievance Commission v. Prichard,* 375 Md. 1, 824 A.2d 966 (2003). The Respondent has not petitioned for reinstatement from the previously entered indefinite suspension.

"The legal representation that is the subject of the current disciplinary action began in September 2001, when Kenneth and Melissa Garrison (husband and wife) retained the Respondent to represent them in connection with personal injury claims related to a motor vehicle accident in which the Garrisons had been involved on September 6, 2001. On September 11, 2001, Mr. and Mrs. Garrison signed retainer agreements employing the Respondent on a contingent fee basis. The retainer agreements signed by the Garrisons provided for the Respondent to receive an attorney's fee equal to thirty-three and one-third (33 1/3) percent of any gross recovery or settlement in each client's case.

"Allstate Insurance Company (Allstate) was the insurance carrier for the party against whom the Garrisons asserted personal injury claims. In the spring of 2002, settlements of the Garrisons' claims were reached in the following amounts:

| | |
|---|---|
| Kenneth Garrison | $9,300.00 |
| Melissa Garrison | $9,000.00 |

On May 14, 2002, Allstate issued separate settlement checks to Mr. and Mrs. Garrison in the above amounts. Each settlement check was made payable jointly to the claimant and the Respondent. Allstate mailed the checks to the Respondent, along with releases to be executed by the Garrisons.

"At the time of settlement, Mr. and Mrs. Garrison each had unpaid bills for medical treatment associated with injuries they sustained in the September 6, 2001 accident. Kenneth Garrison had outstanding balances due to the following entities:

| 1. North Arundel Hospital | $ 479.19 |
|---|---|
| 2. Cohen and Pushkin, M.D., P.A. | $ 750.00 |
| 3. Atlantic Rehab, Inc. | $ 3,475.00 |

Melissa Garrison similarly had outstanding balances due in the following amounts:

| 1. North Arundel Hospital | $ 315.89 |
|---|---|
| 2. Cohen and Pushkin, M.D., P.A. | $ 1,775.00 |
| 3. Atlantic Rehab, Inc. | $ 1,665.00 |

"Upon receipt of the Garrisons' settlement checks, the Respondent arranged for Melissa Garrison to meet him and to accompany him to a liquor store which also offered a check cashing service. Mrs. Garrison and the Respondent endorsed the back of her settlement check and cashed it on or about May 16, 2002. The Respondent prepared a handwritten distribution sheet for Melissa Garrison, listing how the cash proceeds from her settlement check were to be allocated. The distribution sheet prepared by the Respondent indicates he received an attorney's fee of $2,500.00 ("reduced $500.00"). The Respondent listed the amounts of Mrs. Garrison's outstanding medical bills. He retained a sufficient amount of cash to pay off each of those bills in full. The Respondent retained cash in the amount of $3,338.89 from the proceeds of Melissa Garrison's settlement check and represented to Mrs. Garrison that such funds would be used to pay the medical bills listed on the handwritten distribution sheet. The distribution sheet reflects a net balance of $3,161.11 to be distributed to the client. Mrs. Garrison acknowledges she received cash in that amount.

"Kenneth Garrison endorsed the back of his settlement check and turned the check over to the Respondent. On or about June 15, 2002, Mr. Garrison's check was negotiated at a branch of The Bank of Glen Burnie. The Respondent prepared a typed distribution sheet which was provided to Mr. Garrison. The distribution sheet indicates the Respondent received an attorney's fee of $2,500.00 ("reduced $600.00"). As on Mrs. Garrison's distribution sheet, the Respondent listed the amounts of Kenneth Garrison's outstanding medical bills as deductions from the "gross proceeds" of $9,300.00. The

Respondent retained funds in the amount of $4,704.19 from the proceeds of Kenneth Garrison's settlement check for the stated purpose of paying off the medical bills listed on Mr. Garrison's distribution sheet. The distribution sheet reflects a net balance of $2,095.81 to be distributed to the client. Mr. Garrison acknowledges he received cash in that amount from the Respondent.

"The Respondent did not issue any payment to Cohen and Pushkin, M.D., P.A., to satisfy two separate account balances in the amounts of $1,000.00 and $775.00 owed by Melissa Garrison, despite retaining $1,775.00 from Mrs. Garrison's settlement proceeds for that purpose. Similarly, the Respondent did not pay off Kenneth Garrison's account balance of $750.00 to Cohen and Pushkin, M.D., P.A., despite retaining funds in that amount from Mr. Garrison's settlement proceeds for that purpose.

"The Respondent did not issue any payment to Atlantic Rehab, Inc. to satisfy Melissa Garrison's outstanding account balance of $1,665.00, despite retaining funds (listed in the amount of $1,248.00) from Mrs. Garrison's settlement proceeds for that purpose. Similarly, the Respondent did not issue any payment to Atlantic Rehab, Inc. to satisfy Kenneth Garrison's account balance of $3,475.00, despite retaining funds in that amount from Mr. Garrison's settlement proceeds for that purpose.

"Mrs. Garrison testified she has been unable to determine whether the amounts she and her husband owed to North Arundel Hospital, for which the Respondent also withheld funds from their settlements, have been paid. As of the date of the hearing in this Court, North Arundel Hospital had not initiated any collection efforts against the Garrisons.

"Throughout the time he represented the Garrisons, the Respondent did not maintain an attorney trust account, as defined in Maryland Rule 16–602c, for the deposit of funds he received as an attorney for the intended benefit of clients and/or third persons. Having no such account, the Respondent did not deposit all or any portion of the Garrisons'

settlement proceeds in an attorney trust account at an approved financial institution when he received such proceeds.

"On April 2, 2003, Bar Counsel received a written complaint from Melissa Garrison setting forth the underlying facts supporting the professional misconduct charges in this case. By a letter to the Respondent dated April 16, 2003, mailed to the Respondent's only known address, the office of Bar Counsel forwarded a copy of Mrs. Garrison's complaint to the Respondent and requested that the Respondent respond in writing to that complaint within ten days. The Respondent did not respond at all to Bar Counsel's lawful demand for information.

### Conclusions of Law

"By receiving and accepting the Garrisons' settlement funds, which were intended in whole or in part for the benefit of a client or third person, when he did not maintain any attorney trust account, the Respondent violated Maryland Rule 16–603. It follows therefrom that the funds, including cash, the Respondent received and accepted to be delivered in whole or in part to a client or third person were not deposited in an attorney trust account at an approved financial institution. The Respondent therefore violated Maryland Rule 16–604.

"The funds withheld by the Respondent from the settlement proceeds of Kenneth and Melissa Garrison for payment to third party medical providers constituted "trust money" as that term is defined in the Maryland Code, Business Occupations and Professions Article, § 10–301(d). By accepting trust money when he did not maintain an attorney trust account for the deposit of such money, the Respondent violated § 10–302(a) of the Business Occupations and Professions Article. Furthermore, the Respondent knowingly and willfully used such trust money for a purpose other than the purpose for which the trust money was entrusted to him. By doing so, he violated § 10–306 of the Business Occupations and Professions Article.

"The Respondent failed to hold property of clients or third persons that was in his possession in connection with a representation separate from his own property, including monetary funds which were not kept in a separate account maintained pursuant to Title 16, Chapter 600 of the Maryland Rules. The Respondent thus violated Rule 1.15(a) of the Maryland Rules of Professional Conduct (MRPC). By failing to deliver funds that the Garrisons' third party medical providers were entitled to receive, the Respondent also violated MRPC 1.15(b).

"The Respondent fraudulently and willfully appropriated or secreted money held in a fiduciary capacity contrary to the requirements of his trust responsibility. In so doing, the Respondent engaged in criminal conduct including, but not necessarily limited to, the offense of "Embezzlement—Fraudulent misappropriation by fiduciary," as set forth in the Maryland Code, Criminal Law Article, § 7–113. The Respondent's dishonest and fraudulent actions with respect to the Garrisons' settlement funds represent professional misconduct that violated MRPC 8.4(b) & (c).

"Finally, the Respondent violated MRPC 8.1(b) by failing to respond to a lawful demand for information from a disciplinary authority (Bar Counsel's April 16, 2003 letter seeking a response to Melissa Garrison's complaint). Although not a basis for the MRPC 8.1(b) violation, this Court also notes that the Respondent has not responded in any fashion to the disciplinary charges contained in the petition filed by the Attorney Grievance Commission."

The petitioner has not taken any exceptions to the hearing court's findings and conclusions. In its Petitioner's Recommendation for Sanction, it urges disbarment as the appropriate sanction. In support of that recommendation, the petitioner reminds the Court of the respondent's rather recent, May 27, 2003, and continuing, indefinite suspension; the finding by the hearing court that the respondent "engaged in serious professional misconduct involving misappropriation of trust money that should have been paid to third party medical providers out of the proceeds of the Garrisons' personal injury

settlements;" that the respondent did not maintain an attorney trust account for the deposit of the funds retained; and that the respondent was found to have used, knowingly and willfully, trust funds for a purpose other than that for which the funds were entrusted to him. In addition, the respondent did not respond to the petitioner's lawful demand for information.

As indicated, the respondent neither responded to the Petition for Disciplinary or Remedial Action nor appeared at any time in these proceedings.

We accept the petitioner's recommendation. The respondent has misappropriated trust funds, "an act infected with deceit and dishonesty," and he has not presented, nor even attempted to present, "compelling extenuating circumstances," that would, or could, justify a sanction more lenient than disbarment. Disbarment, therefore, inexorably must follow. *Attorney Grievance Comm'n v. Daskalopoulos*, 383 Md. 375, 384–85, 859 A.2d 653, 658 (2004); *Attorney Grievance Comm'n v. Watson*, 382 Md. 465, 475–76, 855 A.2d 1213, 1219 (2004); *Attorney Grievance Comm'n v. Post*, 379 Md. 60, 68, 839 A.2d 718, 723 (2003); *Attorney Grievance Comm'n v. Spery*, 371 Md. 560, 568, 810 A.2d 487, 491–92 (2002).

*IT IS SO ORDERED; RESPONDENT SHALL PAY ALL COSTS AS TAXED BY THE CLERK OF THIS COURT, INCLUDING COSTS OF ALL TRANSCRIPTS, PURSUANT TO MARYLAND RULE 16–715.C., FOR WHICH SUM JUDGMENT IS ENTERED IN FAVOR OF THE ATTORNEY GRIEVANCE COMMISSION AGAINST JAMES L. PRICHARD.*