59 A.3d 504

In the Matter of the Petition for REINSTATEMENT OF
Rex B. WINGERTER to the Bar of Maryland.

**Misc. Docket AG No. 98, Sept. Term, 2011.**

Court of Appeals of Maryland.

Jan. 15, 2013.

Stanley Alpert, Esquire, Baltimore, MD, for petitioner.

Raymond A. Hein, Deputy Bar Counsel (Glenn M. Grossman, Bar Counsel, Attorney Grievance Commission of Maryland), for respondent.

Argued before BELL, C.J., HARRELL, BATTAGLIA, GREENE, ADKINS, BARBERA and McDONALD, JJ.

## ORDER

The Court having considered the petition for reinstatement of Rex B. Wingerter and the response filed thereto by the Attorney Grievance Commission and oral argument having been heard in the above captioned case, it is this 15th day of January, 2013

ORDERED, by the Court of Appeals of Maryland, that the petition be, and it is hereby, GRANTED, and the petitioner Rex B. Wingerter, upon taking in open court and subscribing to the oath of attorneys required by MD Code (2004), Business Occupations and Professions Article Sec 10–212 is reinstated as a member of the Bar of Maryland to the practice of law in this State, and it is further

ORDERED that Clerk of the Court shall replace the name of Rex B. Wingerter upon the register of attorneys entitled to practice in this Court and certify that fact to the Trustees of the Client Protection Fund and the Clerks of all judicial tribunals in this State, and it is further

ORDERED that pursuant to Rule 11 of the Rules Governing Admission to the Bar Maryland, the petitioner shall satisfactorily complete the next course on professionalism given by the Court Professionalism Commission.

BATTAGLIA, J., dissents.

BATTAGLIA, J., dissenting.

I believe the Court's decision to reinstate Mr. Wingerter represents an unwarranted lowering of the bar for reinstatement from disbarment, especially those that emanate from felony convictions.

In 2007, we disbarred the Respondent, Rex B. Wingerter, for violating subsections (b) and (c) of Rule 8.4 of the Maryland Lawyer's Rules of Professional Misconduct. *Attorney Grievance v. Wingerter*, 400 Md. 214, 929 A.2d 47 (2007). Mr. Wingerter's violations related to his conviction, after a guilty plea, of misprison of a felony, in violation of Section 4 of Title 18 of the United States Code, based on his concealment of immigration fraud being committed at a company for which he was working. In the Statement of Facts supporting his guilty plea, Mr. Wingerter admitted to taking an active role in concealing the fraud underlying his conviction, including making misrepresentations to the United States government that he knew, or should have known, were false. *Wingerter*, 400 Md. at 221–22, 929 A.2d at 52. We made particular note that Mr. Wingerter accepted the Statement of Facts supporting his guilty plea, in which he admitted that all the actions he took " 'were in all respects knowing and deliberate, and were not committed by mistake, accident, or any other innocent reason.' " *Id.* at 222, 929 A.2d at 52. Our statement in the underlying case formed one of the bases of overruling an exception posited by Mr. Wingerter, by which he asserted that he never took any active steps to assist in the commission of the fraud and that his transgression was one of willful blindness, not active participation. We dismissed his argument, noting that, "[t]he concealment steps were clearly alleged and

stated in the statement of facts and they were not disputed." *Id.* at 231, 929 A.2d at 58.

A determination of whether or not an attorney should be readmitted to the practice of law after having been disbarred requires consideration of a number of factors, specifically including that "the petitioner recognizes the wrongfulness and seriousness of the professional misconduct for which the discipline was imposed." Maryland Rule 16–781(g)(4). In this case, there is no question that Mr. Wingerter, in his own words in his declaration in support of his reinstatement has not acknowledged the extent of his misconduct; he alleged that his misconduct "largely was that of omission and not commission." He further described his misconduct as "a failure to pay sufficient attention to the operational details; failing to recognize the power of money to corrupt the workplace; and overlooking and not voicing protest when witnessing the illegal conduct" of other employees. While Mr. Wingerter did refer in one sentence, in the introduction to his declaration in support of reinstatement, to the fact that "I also took steps to conceal the misdeeds" of other employees, he does not include in any of his specific descriptions of his misdeeds that which he did to actually facilitate the fraud. Rather, in his Petition for Reinstatement, Mr. Wingerter summarized his misconduct by stating that he had

> negligently failed to review or verify the claims put forth in GRIS's [his employer] submissions to the [Department of Labor] or the U.S. Citizenship Immigration Services, did not investigate suspicious conduct by GRIS, failed to acknowledge that as GRIS's legal counsel, he personally was responsible for the applications and petitions submitted to the federal agencies, and that he turned a blind eye when witnessing wrongdoing.

His own version of events in no way acknowledges having taken an active role to conceal the immigration fraud that permitted non-citizens to enter the country illegally, even though it is clear from our sanction discussion in the original case that Mr. Wingerter was disbarred *because of intentionally dishonest conduct.* It seems anomalous, and indeed incon-

gruous, to say that an attorney who was disbarred for intentionally dishonest conduct should be reinstated, when he still does not acknowledge the seriousness of his criminal acts.

Because I believe that Mr. Wingerter has not met his burden of proving that he appreciates the seriousness and wrongfulness of his misconduct, I would not readmit him to the Bar of Maryland until he does.