Circuit Court for Baltimore County
Case No. 03-C-11-007238
Argued: February 6, 2012

IN THE COURT OF APPEALS OF

MARYLAND

Misc. Docket AG No. 90

September Term, 2009

ATTORNEY GRIEVANCE COMMISSION
OF MARYLAND

v.

HARVEY MALCOLM NUSBAUM

Barbera, C.J.
Harrell
Battaglia
Greene
Adkins
McDonald
*Bell,

JJ

Opinion by Bell, C.J. (Retired)

Filed: January 29, 2014

*Bell, C.J., now retired, participated in the hearing
and conference of this case while an active member
of this Court; after being recalled pursuant to the
Constitution, Article IV, Section 3A, he also
participated in the decision and adoption of this
opinion.

The Attorney Grievance Commission of Maryland ("the petitioner"), acting through Bar Counsel and pursuant to Maryland Rule 16-751 (a),[1] filed a Petition for Disciplinary or Remedial Action against the respondent, Harvey M. Nusbaum. In that petition, the petitioner alleged that, by pleading guilty to a violation of 15 U.S.C. § 1, the Sherman Antitrust Act, the respondent admitted to the commission of a "serious crime," within the meaning of Maryland Rule 16-771 (b),[2] and as defined in Maryland Rule 16-701 (k),[3] thereby

[1] Maryland Rule 16-751 (a) provides:

"(a) Commencement of disciplinary or remedial action.
"(1) Upon approval of Commission. Upon approval or direction of the Commission, Bar Counsel shall file a Petition for Disciplinary or Remedial Action in the Court of Appeals.
"2) Conviction of Crime; Reciprocal Action. If authorized by Rule 16-771 (b) or 16-773 (b), Bar Counsel may file a Petition for Disciplinary or Remedial Action in the Court of Appeals without prior approval of the Commission. Bar Counsel promptly shall notify the Commission of the filing. The Commission on review may direct the withdrawal of a petition that was filed pursuant to this subsection."

[2] Maryland Rule 16-771 (b) provides:

"( b) Petition in Court of Appeals. Upon receiving and verifying information from any source that an attorney has been convicted of a serious crime, Bar Counsel may file a Petition for Disciplinary or Remedial Action in the Court of Appeals pursuant to Rule 16-751 (a)(2). The petition may be filed whether the conviction resulted from a plea of guilty, nolo contendere, or a verdict after trial and whether an appeal or any other post-conviction proceeding is pending. The petition shall allege the fact of the conviction and include a request that the attorney be suspended immediately from the practice of law. A certified copy of the judgment of conviction shall be attached to the petition and shall be prima facie evidence of the fact that the attorney was convicted of the crime charged."

[3] According to Rule 16-701 (k), "serious crime means a crime that is in at least one of the following categories: (1) a felony under Maryland law, (2) a crime in another state or under federal law that would have been a felony under Maryland law had the crime been committed in Maryland, and (3) a crime under federal law or the law of any state that is punishable by imprisonment for three years or more."

violating Rule 8.4 (b), ( c) and ((d), Misconduct,[4] of the Maryland Lawyers' Rules of

Professional Conduct ("MRPC"), as adopted by Maryland Rule 16-812. The petitioner

requested, pursuant to Maryland Rule 16-771 (c),[5] which the Court granted, by order dated

August 17, 2010, the immediate suspension of the respondent from the practice of law.

As prescribed by Maryland Rule 16-771 (e),[6] acting pursuant to Maryland Rule 16-

752 (a), we referred the Petition to the Honorable John J. Nagle, III, of the Circuit Court for

---

[4] MRPC 8.4 (b), (c) and (d) provide:
   "It is professional misconduct for a lawyer to:
                    *   *   *   *
        "(b) commit a criminal act that reflects adversely on the lawyer's
   honesty, trustworthiness or fitness as a lawyer in other respects
        "(c) engage in conduct involving dishonesty, fraud, deceit or
   misrepresentation;
        "(d) engage in conduct that is prejudicial to the administration of
   justice[.]"


[5]"(c) Temporary Suspension of Attorney. Upon filing of the petition pursuant to section
(b) of this Rule, the Court of Appeals shall issue an order requiring the attorney to show
cause within 15 days from the date of the order why the attorney should not be suspended
immediately from the practice of law until the further order of the Court of Appeals. If,
after consideration of the petition and the answer to the order to show cause, the Court of
Appeals determines that the attorney has been convicted of a serious crime, the Court may
enter an order suspending the attorney from the practice of law until final disposition of
the disciplinary or remedial action. The Court of Appeals shall vacate the order and
terminate the suspension if the conviction is reversed or vacated at any stage of appellate
or collateral review."

[6]Maryland Rule 16-771 (e), as relevant, provides:
        "(e) Further Proceedings on Petition. When a petition filed pursuant to
        section (b) of this Rule alleges the conviction of a serious crime, the Court
        of Appeals may enter an order designating a judge pursuant to Rule 16-752
        to hold a hearing in accordance with Rule 16-757."

Baltimore County for the evidentiary hearing required by Maryland Rule 16-757.[7] Following

that evidentiary hearing, Judge Nagle made, pursuant to Maryland Rule 16-757 (c),[8]

Findings of Fact, as follows:

> "Respondent was admitted to the Maryland Bar on October 1, 1963.
>
> "On June 16, 2009, Respondent was indicted in the United States District Court for the District of Maryland, along with co-defendant Jack W. Stollof, on a charge of engaging in a combination and conspiracy 'to suppress and eliminate competition by submitting non-competitive and collusive bids at certain auctions for tax liens conducted by a municipality and various counties within the District of Maryland.' The Indictment charged that the combination and conspiracy engaged in by the defendants and other co-conspirators was in unreasonable constraint of trade and commerce in violation of Section 1 of the federal Sherman Antitrust Act, 15 U. S. C. § 1. Respondent allegedly submitted the rigged bids described in the Indictment through certain limited liability companies that he co-owned with Mr. Stollof.

---

[7]Maryland Rule 16-757 provides, in relevant part:
> "(a) Generally. The hearing of a disciplinary or remedial action is governed by the rules of evidence and procedure applicable to a court trial in a civil action tried in a circuit court. Unless extended by the Court of Appeals, the hearing shall be completed within 120 days after service on the respondent of the order designating a judge. Before the conclusion of the hearing, the judge may permit any complainant to testify, subject to cross-examination, regarding the effect of the alleged misconduct. A respondent attorney may offer, or the judge may inquire regarding, evidence otherwise admissible of any remedial action undertaken relevant to the allegations. Bar Counsel may respond to any evidence or remedial action."

[8]Maryland Rule 16-757 (c) states:
> "(c) Findings and conclusions. The judge shall prepare and file or dictate into the record a statement of the judge's findings of fact, including findings as to any evidence regarding remedial action, and conclusions of law. If dictated into the record, the statement shall be promptly transcribed. Unless the time is extended by the Court of Appeals, the written or transcribed statement shall be filed with the clerk responsible for the record no later than 45 days after the conclusion of the hearing. The clerk shall mail a copy of the statement to each party."

"On May 4, 2010, a judgment in a Criminal Case was entered by the United States District Court for the District of Maryland in the case of United States of America v. Harvey M. Nusbaum, Case N. JFM-1-09-CR-00328-001. This judgment of conviction was entered following Respondent's guilty plea to one count of violating the Sherman Antitrust Act. Judge J. Frederick Motz of the U. S. District Court sentenced Respondent to imprisonment for a term of 12 months and one day, to be followed by a two-year period of supervised release, and ordered payment of a monetary fine in the amount of $ 800,000.00. The judgment also provided for Respondent to perform 100 hours of community service as a condition of probation.

"On July 13, 2010, Respondent reported to the Federal Correctional Institution in Cumberland, Maryland to begin serving his term of imprisonment. On May 26, 2011, he was released from custody. He is now on probation subject to supervision of the District of Maryland federal probation office."

Significantly, Judge Nagle expressly found that "Respondent presented no evidence of any mitigating factors or extenuating circumstances."

From those findings of fact, Judge Nagle concluded that the respondent violated MRPC 8.4 (b), ( c ), and (d). He reasoned:

"The final judgment of conviction entered against Respondent in the United States District Court for the District of Maryland is conclusive evidence of Respondent's guilt of engaging in an illegal combination and conspiracy in violation of 15 U. S. C. § 1. Maryland Rule 16-771 (g).[9] the crime of which

---

[9]This section provides:
"(g) Conclusive Effect of Final Conviction of Crime. In any proceeding under this Chapter, a final judgment of any court of record convicting an attorney of a crime, whether the conviction resulted from a plea of guilty, nolo contendere, or a verdict after trial, is conclusive evidence of the guilt of the attorney of that crime. As used in this Rule, 'final judgment' means a judgment as to which all rights to direct appellate review have been exhausted. The introduction of the judgment does not preclude the Commission or Bar Counsel from introducing additional evidence or the attorney from introducing evidence or otherwise showing cause why no discipline should be imposed.

Respondent stands convicted is a 'serious crime' as that term is defined in Maryland Rule 16-701 (k).

"Respondent engaged in professional misconduct that violated several sections of the Maryland Lawyers' Rules of Professional Conduct. By engaging in the illegal combination and conspiracy of which he stands convicted, Respondent committed a criminal act that reflects adversely on his honesty, trustworthiness or fitness as a lawyer in other respects, thereby violating Rule 8.4 (b). The underlying conduct that resulted in Respondent's conviction involved dishonesty, fraud, deceit or misrepresentation, in violation of Rule 8.4 ( c). Finally, such conduct unlawfully affected the tax lien bidding process at auctions conducted in several Maryland jurisdictions and therefore was conduct prejudicial to the administration of justice, in violation of Rule 8.4 (d).

Neither the petitioner nor the respondent filed exceptions to the Findings of Fact and Conclusions of Law.[10] Accordingly, we shall "treat the findings of fact as established for the purpose of determining appropriate sanctions, if any." Maryland Rule 16-759 (b) (2) (A). On the other hand, we "shall review de novo the circuit court judge's conclusions of law," as Rule 16-759 (b) (1) mandates that we do.

Our de novo review of Judge Nagle's conclusions of law convinces us that they are supported by the facts found and, so, we shall accept, and adopt, them as established by clear and convincing evidence.

---

[10]Although represented by counsel, at oral argument, the respondent and his counsel stood mute.

Turning to the question of the appropriate disposition,[11] the petitioner filed its Petitioner's Recommendation for sanctions. It is that the respondent be disbarred. The petitioner submits:

> "Respondent stands convicted of a 'serious crime' as that term is defined in Maryland Rule 16-701 (k). He engaged in an illegal combination and conspiracy 'to suppress and eliminate competition by submitting non-competitive and collusive bids' at tax lien auctions in various Maryland jurisdictions, leading to his conviction in the United States District Court for the District of Maryland of violating Section 1 of the federal Sherman Antitrust Act, 15 U. S. C. § 1. ... Respondent's actions while participating in the illegal combination and conspiracy constituted professional misconduct proscribed by Rule 8.4 of the Maryland Lawyers' Rules of Professional Conduct, including sections (b), ( c) and (d) of that rule. ...

> "Respondent offered no evidence of any extenuating circumstances, compelling or otherwise, that would justify a sanction less than disbarment for conduct that was criminal, dishonest, fraudulent and prejudicial to the administration of justice. In the absence of compelling extenuating circumstances, disbarment is the appropriate sanction to be imposed. See, e.g., Attorney Grievance Commission v. Garcia, 410 Md. 507, 979 A. 2d 146 (2009) [, reinstatement granted sub nom. In re Garcia, 430 Md. 640, 62 A.3d 728 (2013),] (respondent's conviction in federal court of conspiracy to commit immigration fraud resulted in disbarment), Attorney Grievance Commission v. Wingerter, 400 Md. 214, 929 A. 2d 47 (2007)[, reinstatement granted sub nom. In re Reinstatement of Wingerter, 430 Md. 7, 59 A.3d 504 (2013)] (disbarment deemed appropriate following respondent's conviction in federal court of misprison of a felony)."

As earlier noted, the repondent and his counsel stood mute at oral argument, and, consequently, offered no recommendation as to the appropriate sanction. We agree with Bar Counsel's analysis. Indeed, Garcia and Winegerter follow inexorably from this Court's statement of the rule in 2001, in Attorney Grievance Comm'n v. Vanderlinde, 364 Md. 376,

---

[11] Oral argument was scheduled for February 7, 2012.. On that date, the Court issued a Per Curiam Order disbarring the respondent, " [f]or reasons to be stated in an opinion later to be filed."

418, 773 A.2d 463, 488 (2001): "Disbarment ordinarily should be the sanction for intentional dishonest conduct." <u>See</u> also <u>Attorney Grievance Comm'n v. Pennington</u>, 387 Md. 565, 597, 876 A.2d 642, 660-61 (2005); <u>Attorney Grievance Comm'n v. Lane</u>, 367 Md. 633, 646, 790 A.2d 621, 628 (2002). The rationale for this now well settled rule was enunciated most persuasively in <u>Attorney Grievance Comm'n v. Ward</u>, 396 Md. 203, 218, 913 A.2d 41, 50 (2006):

> "This is so, because '[u]nlike matters relating to competency, diligence and the like, intentional dishonest conduct is closely entwined with the most important matters of basic character to such a degree as to make intentional dishonest conduct by a lawyer almost beyond excuse.' <u>Vanderlinde</u>, 364 Md. at 418, 773 A.2d at 488. Thus, like in the case of a misappropriation of entrusted funds, <u>see Attorney Grievance Comm'n v. Bakas</u>, 323 Md. 395, 403, 593 A.2d 1087, 1091 (1991), in the absence of compelling extenuating circumstances justifying a lesser sanction, intentional dishonest conduct by a lawyer will result in disbarment."

Accordingly, we adopted the petitioner's recommendation and for the foregoing reasons, we disbarred the respondent.

7