*Attorney Grievance Commission v. Philip James Sweitzer*, Misc. Docket AG No. 11, September Term 2014

**ATTORNEY MISCONDUCT — DISCIPLINE — DISBARMENT —** Respondent, Philip James Sweitzer, violated Maryland Lawyers' Rules of Professional Conduct 8.4(b), (c), and (d). These violations stemmed from Respondent's felony theft conviction in the Circuit Court for Howard County. Disbarment is the appropriate sanction for Respondent's misconduct.

Circuit Court for Washington County
Case No. 21-C-16-056210
Argued: November 3, 2016

IN THE COURT OF APPEALS
OF MARYLAND

Misc. Docket AG No. 11

September Term, 2014

ATTORNEY GRIEVANCE
COMMISSION OF MARYLAND

v.

PHILIP JAMES SWEITZER

Barbera, C.J.,
Greene
Adkins
McDonald
Watts
Hotten
Getty,
                    JJ.

Opinion by Barbera, C.J.

Filed:  February 22, 2017

Petitioner, the Attorney Grievance Commission of Maryland, acting through Bar Counsel, filed in this Court on May 21, 2014, a Petition for Disciplinary or Remedial Action (the "Petition") against Respondent, Philip James Sweitzer. Bar Counsel charged Respondent with engaging in "professional misconduct" within the scope of Maryland Rule 16-701(i)[1] leading to a violation of Maryland Lawyers' Rules of Professional Conduct ("MLRPC") 8.4(b), (c), and (d).[2] Those charges arise from Respondent's felony theft conviction in the Circuit Court for Howard County. Felony theft is a "serious crime" within

---

[1]  Maryland Rule 16-701(i) provides that the term "professional misconduct" or "misconduct" has "the meaning set forth in Rule 8.4 of the Maryland Lawyers' Rules of Professional Conduct, as adopted by Rule 16-812." Effective July 1, 2016, the Maryland Lawyers' Rules of Professional Conduct ("MLRPC") were renamed the Maryland Attorneys' Rules of Professional Conduct ("MARPC") and recodified in Title 19 of the Maryland Rules, along with the Title 16 Rules discussed in this opinion. Because we judge Respondent's conduct against the extant law at the time of his actions, we refer to the MLRPC and previous Title 16 Rules throughout.

[2]  MLRPC 8.4 states in relevant part:

> It is professional misconduct for a lawyer to:
> . . . .
> (b) commit a criminal act that reflects adversely on the lawyer's honesty, trustworthiness or fitness as a lawyer in other respects;
> (c) engage in conduct involving dishonesty, fraud, deceit or misrepresentation;
> (d) engage in conduct that is prejudicial to the administration of justice[.]

the meaning of Maryland Rule 16-701(k)(1),[3] enabling Bar Counsel to file the Petition pursuant to Maryland Rules 16-751(a)(2)[4] and 16-771(b).[5]

On June 19, 2014, this Court issued an order instructing Respondent to show cause why he should not be suspended immediately from the practice of law in Maryland until further order of this Court. After receipt of the parties' respective responses to the Show

---

[3] Maryland Rule 16-701(k) provides that a:

"Serious crime" means a crime that is in at least one of the following categories: (1) a felony under Maryland law, (2) a crime in another state or under federal law that would have been a felony under Maryland law had the crime been committed in Maryland, and (3) a crime under federal law or the law of any state that is punishable by imprisonment for three years or more.

[4] Maryland Rule 16-751(a)(2) provides:

Conviction of crime; reciprocal action. If authorized by Rule 16-771(b) or 16-773(b), Bar Counsel may file a Petition for Disciplinary or Remedial Action in the Court of Appeals without prior approval of the Commission. Bar Counsel promptly shall notify the Commission of the filing. The Commission on review may direct the withdrawal of a petition that was filed pursuant to this subsection.

[5] Maryland Rule 16-771(b) provides that:

Upon receiving and verifying information from any source that an attorney has been convicted of a serious crime, Bar Counsel may file a Petition for Disciplinary or Remedial Action in the Court of Appeals . . . . The petition shall allege the fact of the conviction and include a request that the attorney be suspended immediately from the practice of law. A certified copy of the judgment of conviction shall be attached to the petition and shall be prima facie evidence of the fact that the attorney was convicted of the crime charged.

Cause Order, pursuant to Maryland Rule 16-771(c),[6] this Court issued an order on September 22, 2014, suspending Respondent from the practice of law in the State of Maryland, effective immediately, pending further order of the Court.

Respondent appealed his conviction to the Court of Special Appeals and on May 26, 2015, in an unreported opinion, the intermediate appellate court affirmed Respondent's conviction. *Sweitzer v. State*, No. 582, slip op. at 23 (Md. Ct. Spec. App. May 26, 2015). On September 21, 2015, this Court denied Respondent's petition for a writ of certiorari. *Sweitzer v. State*, 445 Md. 7 (2015).

On January 29, 2016, Bar Counsel filed a Motion for Further Proceedings in this matter. On February 2, 2016, this Court transmitted the matter to the Circuit Court for Washington County and designated the Honorable Daniel P. Dwyer (the "hearing judge") to conduct an evidentiary hearing and make findings of fact and conclusions of law.[7]

The hearing judge held a hearing on June 29, 2016. Respondent did not attend the hearing. Thereafter, the hearing judge issued written findings of fact and conclusions of

---

[6] Maryland Rule 16-771(c) provides, in relevant part, that:

> If, after consideration of the petition and the answer to the order to show cause, the Court of Appeals determines that the attorney has been convicted of a serious crime, the Court may enter an order suspending the attorney from the practice of law until final disposition of the disciplinary or remedial action. The Court of Appeals shall vacate the order and terminate the suspension if the conviction is reversed or vacated at any stage of appellate or collateral review.

[7] Respondent had also filed a "Motion to Dismiss Petition for Disciplinary Action, in Opposition to Petitioner's Motion for Further Proceedings, Owing to Destruction of Subject Matter Jurisdiction, and to Vacate Order Suspending Respondent and to Close Case," which this Court denied on February 22, 2016.

law.   Notwithstanding his absence from the hearing, Respondent has filed exceptions. Those exceptions, rather than challenging the hearing judge's findings of fact or conclusions of law, generally attack the underlying criminal conviction, the Court of Special Appeals' opinion affirming the conviction, and this Court's denial of Respondent's certiorari petition.   Respondent also filed a "Second Motion to Terminate Petition for Disciplinary Action, and/or to Disqualify Bar Counsel Glenn Grossman, Esq., Deputy Bar Counsel Raymond Hein, Esq., and Assistant Bar Counsel Marianne J. Lee, Esq.," which, in an order filed on September 14, 2016, this Court deferred pending oral argument.

We heard argument on November 3, 2016.   Respondent did not appear at that hearing.   Bar Counsel recommended disbarment as the appropriate sanction.   We issued a per curiam order on November 4, 2016, disbarring Respondent immediately from the practice of law in the State of Maryland.   We now explain the reasons for that order, including our decision to overrule Respondent's exceptions and our conclusion that Respondent violated MLRPC 8.4(b), (c), and (d).   On December 2, 2016, Respondent filed a "Motion to Reconsider and Vacate Disbarment Order, to Reinstate and to Reset Oral Argument."  For the reasons stated in this opinion, we hereby deny that motion.   We hereby also deny Respondent's "Second Motion to Terminate Petition for Disciplinary Action, and/or to Disqualify Bar Counsel Glenn Grossman, Esq., Deputy Bar Counsel Raymond Hein, Esq., and Assistant Bar Counsel Marianne J. Lee, Esq."

I

*The Hearing Judge's Findings of Fact*

4

The hearing judge made the following findings of fact by clear and convincing evidence. *See* Md. Rule 16-757(b).[8] Respondent was admitted to the Maryland Bar on December 15, 2005. On February 13, 2013, Respondent was indicted on the theft of property of Dr. Allen Tsai of at least $10,000 but less than $100,000, which, pursuant to Md. Code Ann., Crim. Law § 7-104 (2009, 2012 Repl. Vol.), is a felony.[9]

The Honorable Dennis Sweeney, Senior Judge, presided over the bench trial in the Circuit Court for Howard County, and, on October 7, 2013, found Respondent guilty of felony theft. The trial court relied on the following facts in reaching that decision, as later recounted in the Court of Special Appeals' opinion affirming the judgment of the trial court.

In early 2011, Dr. Tsai hired Respondent to assist him in his claim for disability benefits from his insurer, Penn Mutual (the "Penn Mutual Case"). *Sweitzer*, slip op. at 2. Respondent agreed to the representation for a flat fee of $4,000, which Dr. Tsai paid. *Id.* Dr. Tsai's claim was premised on the medical opinion of Dr. Gerwin, who eventually reversed his medical opinion and concluded that Dr. Tsai was not totally disabled. *Id.* As

---

[8] Worthy of note are the several exhibits in the record before us that the hearing judge relied on when issuing the findings of fact and conclusions of law. Those exhibits include certified copies of: the indictment filed against Respondent in the Circuit Court for Howard County which shows that Respondent was charged with theft of at least $10,000 but less than $100,000 in violation of Md. Code Ann., Crim. § 7-104 (2009, 2012 Repl. Vol.); the probation/supervision order entered following the bench trial, at which Respondent was convicted of the aforementioned crime; the commitment record that shows the entry of a judgment against Respondent, in addition to the judgment of restitution entered against Respondent in the amount of $57,000 to be paid to the victim; and the Court of Special Appeals' unreported opinion affirming the trial court's judgment of conviction.

[9] Unless otherwise noted, all further statutory citations are to the Criminal Law Article.

a result, Respondent urged Dr. Tsai to settle the Penn Mutual case and pursue a possible claim against Dr. Gerwin. *Id.*

Meanwhile, Nu Image, a film company, filed a copyright claim against Dr. Tsai, alleging that he illegally downloaded movies from the internet (the "Nu Image Case"). *Id.* Respondent also represented Dr. Tsai in that matter for a flat fee of $1,000, which Dr. Tsai paid. *Id.* at 2-3. When Respondent informed Dr. Tsai that Nu Image indicated its willingness to settle the case for $2,000, Dr. Tsai sent Respondent $2,000 to settle the case. *Id.* at 3. Respondent did not settle the case, nor did he return the $2,000 to Dr. Tsai. *Id.* at 7. Dr. Tsai employed another attorney to settle the Nu Image Case but was unable to recover his $2,000 from Respondent. *Id.*

In early 2012, Respondent informed Dr. Tsai that Penn Mutual would settle its case for $40,000-$50,000. *Id.* at 3. Eventually, Dr. Tsai agreed to settle for $54,000, and the settlement agreement was executed on May 21, 2012. *Id.* Per the terms of the settlement agreement, Penn Mutual sent Respondent the settlement funds. *Id.* The disbursement sheet Respondent sent to Dr. Tsai indicated that Dr. Tsai was to receive $54,881.93. *Id.* Over the following months, Dr. Tsai made "repeated attempts to get his settlement proceeds" from the Penn Mutual Case. *Id.* During that time, Respondent exhibited a "collection of excuses and [a] litany of impediments that allegedly prevented him from delivering Dr. Tsai's funds." *Id.* Respondent never paid Dr. Tsai the $54,881.93 in settlement proceeds from the Penn Mutual Case. *Id.* at 4-7.

On April 28, 2014, the trial court, having found Respondent guilty of felony theft of property of at least $10,000 but less than $100,000, sentenced him to five years of

6

incarceration, with all but one year suspended, to be followed by two years of supervised probation. The court ordered Respondent to pay restitution to Dr. Tsai in the amount of $57,000.

The hearing judge, relying upon Maryland Rule 16-771(g), found that Respondent's conviction of felony theft, affirmed by the Court of Special Appeals, supplied "conclusive evidence of his guilt of that crime." Maryland Rule 16-771(g) provides:

> **Conclusive effect of final conviction of crime.** In any proceeding under this Chapter, a final judgment of any court of record convicting an attorney of a crime, whether the conviction resulted from a plea of guilty, nolo contendere, or a verdict after trial, is conclusive evidence of the guilt of the attorney of that crime. As used in this Rule, "final judgment" means a judgment as to which all rights to direct appellate review have been exhausted. The introduction of the judgment does not preclude the Commission or Bar Counsel from introducing additional evidence or the attorney from introducing evidence or otherwise showing cause why no discipline should be imposed.[10]

*The Hearing Judge's Conclusions of Law*

The hearing judge concluded that Respondent's theft conviction, coupled with the facts pertinent to that crime as discussed in the Court of Special Appeals' opinion, established Respondent's violations of MLRPC 8.4(b), (c), and (d). The hearing judge concluded that Respondent violated MLRPC 8.4(b) because "it is beyond question" that

---

[10] The hearing judge also noted that, during the course of this proceeding, Respondent filed two motions to dismiss in the Circuit Court for Washington County. The first motion, titled "Second Motion to Dismiss for Destruction of Subject Matter Jurisdiction or, Alternatively, to Stay Proceedings and Disqualify Bar Counsel" was denied in an order dated April 14, 2016. The second motion, titled "Third Motion to Dismiss for Lack of Subject Matter Jurisdiction, Motion in Limine to Preclude Admission of Evidence, to Disqualify Deputy Bar Counsel Mr. Hein, to Recuse the Honorable Daniel Dwyer and to Strike Hearing in its Entirety," was denied in an order dated June 29, 2016.

the act of theft constitutes a criminal act reflecting on Respondent's honesty, trustworthiness, or fitness to practice law. The hearing judge quoted a portion of the Court of Special Appeals' rejection of Respondent's claim that the conviction was not supported by legally sufficient evidence: "[A] rational finder of fact could find, beyond a reasonable doubt, that Sweitzer willfully or knowingly exerted unauthorized control over [his client] Dr. Tsai's property (specifically, the Penn Mutual settlement and the funds to settle with Nu Image) and that he intended to deprive Dr. Tsai of that property." *Sweitzer*, slip op. at 10-11. The hearing judge concluded that Respondent violated MLRPC 8.4(c) because, as the Court of Special Appeals explained, there was "copious evidence that Sweitzer was lying to his client, stalling for time, and exploiting his client's friendship and sympathy," and Respondent "intended to deprive his client of the property." *Sweitzer*, slip op. at 12. Finally, the hearing judge concluded that Respondent violated MLRPC 8.4(d) because a criminal conviction stemming from theft of client funds negatively impacts the image of the legal profession.

The hearing judge noted in his conclusion that, despite the opportunity for Respondent to introduce additional evidence in his disciplinary proceeding, Respondent "failed to avail himself of that opportunity by failing to appear at the June 29, 2016 hearing."[11] Accordingly, no evidence has been presented that would mitigate Respondent's misconduct.

---

[11] The hearing judge determined, in his findings of fact, that Respondent had actual knowledge of the date and time of the hearing, evidenced by Respondent's request to "STRIKE the hearing scheduled on June 29, 2016."

8

## II

### *Standard of Review*

"In attorney discipline proceedings, this Court has original and complete jurisdiction." *Attorney Grievance Comm'n v. Page*, 430 Md. 602, 626 (2013). If no exceptions to the hearing judge's findings of fact are filed, this Court may treat the facts as conclusively established. *Attorney Grievance Comm'n v. Kwarteng*, 411 Md. 652, 659-60 (2009). If exceptions to the hearing judge's findings of fact are filed, we will not overrule the findings unless we are persuaded that they are clearly erroneous. *Attorney Grievance Comm'n v. Mahone*, 435 Md. 84, 104 (2013). This Court conducts a *de novo* review of the hearing judge's conclusions of law. *Attorney Grievance Comm'n v. Garcia*, 410 Md. 507, 515 (2009). Accordingly, this Court must determine, based on a "clear and convincing" standard of proof, whether sufficient evidence existed in the record to support the hearing judge's conclusions of law. *Attorney Grievance Comm'n v. Tanko*, 427 Md. 15, 27 (2012).

## III

### *Respondent's Exceptions*

Bar Counsel did not file any exceptions to the hearing judge's findings of fact and conclusions of law. Respondent has filed numerous exceptions, but does not specifically refer to any of the hearing judge's findings of fact or conclusions of law. Instead, Respondent argues generally that the hearing judge's findings of fact and conclusions of law were flawed from the outset because Judge Sweeney, who presided at the criminal trial, lacked subject matter jurisdiction over the instant case, rendering the conviction "void *ab initio*." Respondent argues that the criminal trial was "nothing but an elaborate hoax:

9

an unauthorized attorney disciplinary proceeding, couched forcibly and impermissibly within the context of a criminal trial, this Court having never conferred subject matter jurisdiction on the trial court to make any foray whatsoever into fact-finding in attorney-client matters."

Respondent further argues that the appellate process "appears to have been rigged," evidently viewing this Court's issuance of the Order of Suspension in the present disciplinary proceeding as "temporally-coordinated" with the Court of Special Appeals' opinion affirming the underlying conviction. Respondent also argues that this Court "abusively denied" the petition for writ of certiorari. In a similar vein, Respondent charges the hearing judge in this disciplinary matter with having "failed to even address the subject matter jurisdictional issue." Respondent asserts that there was an impermissible "blending" of his criminal trial and attorney grievance matter. Respondent's arguments on this point include conflict of interest allegations. According to Respondent, the entire criminal trial constituted a conspiracy between the prosecution and the judiciary. Respondent also asserts that, because his motions to vacate both the criminal conviction and Bar Counsel's petition for disciplinary action went largely unopposed by the State and Bar Counsel, this Court should have granted the motions in Respondent's favor. Finally, Respondent asserts that he "earned the fee in question in the underlying attorney/client controversy under the prevailing ABA standard, and neither the State nor Bar Counsel has proven otherwise, even under a clear and convincing evidentiary standard."

We shall treat Respondent's arguments as "exceptions" and overrule each of them. Contrary to Respondent's various arguments, there was no impermissible "blending" of

the criminal and disciplinary matters. Maryland Rule 16-771(b) provides, in pertinent part: "Upon receiving and verifying information from any source that an attorney has been convicted of a serious crime, Bar Counsel may file a Petition for Disciplinary or Remedial Action in the Court of Appeals." Maryland Rule 16-751(a)(2) further provides: "If authorized by Rule 16-771(b) . . . , Bar Counsel may file a Petition for Disciplinary or Remedial Action in the Court of Appeals without prior approval of the Commission." The record shows that Bar Counsel complied with those provisions. Upon receipt of proof of the conviction, and following a show cause order, this Court may suspend the attorney pending a final disposition of the disciplinary or remedial action. Md. Rule 16-771(c). This Court's issuance of the Order of Suspension on September 22, 2014, complied with those procedures.[12]

We overrule as well Respondent's exception that the hearing judge's findings of fact and conclusions of law were flawed at the outset because the hearing judge's factual findings and legal conclusions rested on facts that underlay the verdict of Judge Sweeney, who had found Respondent guilty of theft of funds belonging to Dr. Tsai. In Respondent's view, Judge Sweeney did not have subject matter jurisdiction over Respondent's attorney/client relationship with Dr. Tsai. Respondent does not seem to be arguing that Judge Sweeney did not possess the subject matter jurisdiction to hear and decide the charge

---

[12] Maryland Rule 16-771(c) further provides that this Court "shall vacate the order and terminate the suspension if the conviction is reversed or vacated at any stage of appellate or collateral review." The record before us reflects that Respondent's theft conviction has not been vacated or reversed, and Respondent has given us no indication that either has occurred.

11

of felony theft, for such jurisdiction no doubt resides in the judges of Maryland's circuit courts.  *See* Md. Code Ann., Cts. & Jud. Proc. § 1-501 (1993, 2013 Repl. Vol.).  Rather, Respondent seems to argue that Judge Sweeney had no jurisdiction to decide facts that are within the purview of the attorney grievance process and, once Judge Sweeney wrongly decided the existence of such facts, the hearing judge could not rely upon the conviction as conclusive evidence of Respondent's having violated one or more rules of professional conduct.  That argument is unfounded.

Facts that give rise to an attorney's having been adjudicated guilty of a crime likewise can establish the attorney's having violated one or more of the rules of professional conduct.  That is particularly so when the victim of the attorney's crime is or was the attorney's client.  Maryland Rules 16-751 and 16-771 recognize and provide for the Commission and Bar Counsel's response to that situation.  In the present case, those rules came into play once Respondent was convicted of felony theft.  Thereafter, his conviction was affirmed by the Court of Special Appeals, and this Court denied certiorari review.[13]  At that point, the hearing judge was entitled to rely upon the final judgment of conviction as "conclusive evidence" of Respondent's guilt of theft from his client, Dr. Tsai.  Md. Rule 16-771(g).

---

[13]  The record does not reflect whether, following our denial of the petition for writ of certiorari, Respondent sought further review of his conviction in the Supreme Court of the United States, and our research does not disclose any such filing.  Respondent's theft conviction is, without doubt, a final judgment.  *See* Md. Rule 16-771(g) (providing that a "final judgment" is a "judgment as to which all rights to direct appellate review have been exhausted").

To the extent that Respondent's exceptions can also be understood to be an attack upon the merits of the underlying conviction, we overrule those exceptions as well. *Attorney Grievance Comm'n v. Tayback*, 378 Md. 578, 590 (2003) ("[T]he integrity of a criminal conviction 'cannot be attacked in a disciplinary proceeding by invoking this Court to reweigh or to re-evaluate the respondent's guilt or innocence.'") (quoting *Bar Ass'n of Balt. City v. Siegel*, 275 Md. 521, 527 (1975)). *See also Attorney Grievance Comm'n v. Wingerter*, 400 Md. 214, 230 n.11 (2007) (concluding that, although an attorney convicted of a crime may offer evidence that a sanction should not be imposed in an attorney grievance proceeding, "[t]hat does not give license, however, to a respondent to prove that his conviction was not justified and, on that basis, to argue for no sanction").[14]

IV

*The Rule Violations*

We turn now to consider whether we agree with the hearing judge's conclusion that Respondent violated MLRPC 8.4(b), (c), and (d). We have examined the record and, in our independent review of it, agree with the hearing judge that Respondent violated each of those rules.

**MLRPC 8.4(b)**

MLRPC 8.4(b) provides that "[i]t is professional misconduct for a lawyer to . . . commit a criminal act that reflects adversely on the lawyer's honesty, trustworthiness or

---

[14] In any event, a criminal conviction is not necessary for a violation of the MLRPC. *Attorney Grievance Comm'n v. Smith*, 405 Md. 107, 126 (2008) ("Regardless of whether respondent's conduct was successfully prosecuted criminally does not derogate the fact that the violation occurred.").

fitness as a lawyer in other respects." The hearing judge reasoned that Respondent's theft of monies belonging to his client, Dr. Tsai, constitutes a criminal act within the purview of MLRPC 8.4(b). We agree.

Respondent's conviction for theft of at least $10,000 but less than $100,000 in violation of § 7-104 is a felony and therefore constitutes a "serious crime" under Maryland Rule 16-701(k) warranting reciprocal discipline before this Court. § 7-104(g)(1)(ii); *see Attorney Grievance Comm'n v. Eckel*, 443 Md. 75, 88 (2015) (concluding that a conviction of a "serious crime" within the meaning of Maryland Rule 16-701(k) is a MLRPC 8.4(b) violation). This Court has routinely held that violations of MLRPC 8.4(b) follow criminal convictions. *See, e.g.*, *Eckel*, 443 Md. at 88-89 (holding that the respondent violated MLRPC 8.4(b) following convictions of assault and related offenses); *Attorney Grievance Comm'n v. Nusbaum*, 436 Md. 609, 614-15 (2014) (concluding that the respondent violated MLRPC 8.4(b) following a conviction for illegal combination and conspiracy); *Attorney Grievance Comm'n v. Black*, 362 Md. 574, 579 (2001) (holding that the respondent violated MLRPC 8.4(b) following a conviction for possession of cocaine). A violation is especially warranted here, where the theft involved client funds, compelling the conclusion that Respondent's conviction reflects poorly on his honesty and trustworthiness as a lawyer. *See Attorney Grievance Comm'n v. Jarosinski*, 411 Md. 432, 453 (2009). Clear and convincing evidence supports the hearing judge's conclusion that Respondent violated MLRPC 8.4(b).

**MLRPC 8.4(c)**

14

MLRPC 8.4(c) provides that "it is professional misconduct for a lawyer to . . . engage in conduct involving dishonesty, fraud, deceit or misrepresentation." The hearing judge emphasized the evidence supporting Respondent's intent to deprive his client of the funds. As summarized by the Court of Special Appeals in its opinion and restated by the hearing judge, there was "copious evidence" of Respondent's lies and misrepresentations regarding the funds in question. *See Sweitzer*, slip op. at 12. It necessarily follows that Respondent violated MLRPC 8.4(c). *Attorney Grievance Comm'n v. Hamilton,* 444 Md. 163, 193 (2015) ("We have held consistently an attorney's intentional misappropriation of client funds violates MLRPC 8.4(c)."); *see also Attorney Grievance Comm'n v. Gisriel*, 409 Md. 331, 358 (2009) (concluding that the respondent violated MLRPC 8.4(c) by keeping client funds without consent). Clear and convincing evidence supports Respondent's violation of MLRPC 8.4(c).

### MLRPC 8.4(d)

MLRPC 8.4(d) provides that "it is professional misconduct for a lawyer to . . . engage in conduct that is prejudicial to the administration of justice." The hearing judge concluded that the felony theft of client funds negatively impairs the public confidence in the legal profession. We agree with the hearing judge. "Conduct which is likely to impair public confidence in the profession, impact the image of the legal profession and engender disrespect for the court is conduct prejudicial to the administration of justice" and falls within the purview of MLRPC 8.4(d). *Attorney Grievance Comm'n v. Brigerman*, 441 Md. 23, 40 (2014) (citation omitted). Theft or misappropriation of client funds clearly constitutes such conduct, especially when coupled with the deceitful behavior Respondent

15

exhibited in accomplishing the theft. *See, e.g.*, *Attorney Grievance Comm'n v. Hodes*, 441 Md. 136, 204-05 (2014) (concluding that the respondent violated MLRPC 8.4(d) by misappropriating client trust funds and, thereafter, falsely informing Bar Counsel that he had executed a guaranty in exchange for the funds); *Attorney Grievance Comm'n v. Carithers*, 421 Md. 28, 56 (2011) ("The intentional misappropriation of client funds is conduct which erodes public confidence in the legal profession, and such conduct also violates[Rule] 8.4(d)."); *Gisriel*, 409 Md. at 383-84. Respondent's conduct casts doubt on a client's ability to trust that his or her attorney will take the proper steps as a fiduciary to safeguard and return client funds. *See Gisriel*, 409 Md. at 384 (concluding that an attorney's self-dealing involving misappropriation of client funds "undermines public confidence that an attorney will maintain entrusted funds as a fiduciary and as required by law"). Clear and convincing evidence establishes that Respondent violated MLRPC 8.4(d) by engaging in conduct that was prejudicial to the administration of justice.

V

We turn now to the appropriate sanction for Respondent's misconduct. "The appropriate sanction depends on the facts and circumstances of the case before us." *Attorney Grievance Comm'n v. Levin*, 438 Md. 211, 228 (2014). Bar Counsel recommends disbarment. In making that recommendation, Bar Counsel notes that Respondent did not appear before the hearing judge, nor this Court, for oral arguments, and has not offered any mitigating evidence. Bar Counsel argues that, even absent a criminal conviction for Respondent's actions, disbarment would still be appropriate in the present case, as

16

disbarment ordinarily follows from "an act infected with [such] deceit and dishonesty." *See Attorney Grievance Comm'n v. Prichard*, 386 Md. 238, 248 (2005).

We agree with Bar Counsel's recommendation. When an attorney "engage[s] in dishonest and deceitful conduct for personal gain," this Court, absent compelling circumstances, ordinarily will impose the sanction of disbarment. *Levin*, 438 Md. at 231-32; *see also Nusbaum*, 436 Md. at 616-17 (concluding that, unlike violations involving competence or diligence, intentionally dishonest conduct such as misappropriation of client funds is "closely entwined with the most important matters of basic character" and is "beyond excuse," warranting disbarment) (citation omitted); *Attorney Grievance Comm'n v. Vanderlinde*, 364 Md. 376, 418 (2001) ("Disbarment ordinarily should be the sanction for intentional dishonest conduct.").

In the present case, Respondent exhibited intentionally dishonest behavior in committing theft against his client. Indeed, Respondent was convicted of felony theft of his client's funds, an act that was perpetuated by Respondent's falsehoods and misrepresentations made to his client. Despite having the opportunity to do so, Respondent did not present to the hearing judge any facts or circumstances that arguably would mitigate his conduct, let alone did he offer to the hearing judge or, for that matter, this Court, compelling circumstances that would lead us to impose a lesser sanction. Respondent's misconduct is deserving of the ultimate sanction.

For the reasons set forth in this opinion, we issued a per curiam order disbarring Respondent on November 4, 2016.

17