*Attorney Grievance Commission of Maryland v. Darlene M. Cocco*, Miscellaneous Docket AG No. 1, September Term, 2014.

**ATTORNEY DISCIPLINE — SANCTIONS — DISBARMENT**: Respondent, Darlene M. Cocco, violated the Maryland Lawyers' Rules of Professional Conduct ("MLRPC") while representing Robin L. Jones. Cocco knowingly issued and served an invalid subpoena, misrepresented to third parties to an unfiled lawsuit that they were required to comply with the invalid subpoena, threatened the third parties with personal suit if they failed to comply, and refused to respond to Bar Counsel during the course of its investigation. Such conduct violated MLRPC 3.4(c); 4.1(a)(1); 4.4(a); 8.1(b); and 8.4(a), (c), and (d). Taken together, Cocco's violations warrant disbarment.

Circuit Court for Calvert County
Case No.: 04-C-14-383
Argued: January 13, 2015

IN THE COURT OF APPEALS

OF MARYLAND

Misc. Docket AG No. 1

September Term, 2014

ATTORNEY GRIEVANCE COMMISSION
OF MARYLAND

v.

DARLENE M. COCCO

Barbera, C.J.
Harrell
Battaglia
Greene
Adkins
McDonald
Watts,

JJ.

Opinion by Adkins, J.

Filed: February 23, 2015

Petitioner, Attorney Grievance Commission of Maryland ("AGC"), acting through Bar Counsel, filed a Petition for Disciplinary or Remedial Action against Respondent, Darlene M. Cocco.[1] Bar Counsel charged that Cocco, in connection with her representation of Robin L. Jones, engaged in professional misconduct by issuing an invalid subpoena and threatening third parties with suit if they did not comply. Bar Counsel alleged that in the course of her representation of Jones, Respondent violated a number of Maryland Lawyers' Rules of Professional Conduct ("MLRPC").[2]

As permitted by Maryland Rule 16-752(a), we referred the Petition to the Honorable Mark S. Chandlee of the Circuit Court for Calvert County to conduct an evidentiary hearing and make findings of fact and conclusions of law. After Cocco failed to file an answer, Bar Counsel filed a Motion for Order of Default on June 26, 2014. Approximately two weeks after the court granted the Motion, Cocco filed a Motion to Vacate Order of Default and Motion to Dismiss and Request for Punitive Damages Against Plaintiff and Attorney for Plaintiff Lydia Lawless ("Motion to Vacate").[3] Cocco neither filed an answer to the

---

[1] The complaint of Christopher R. Dunn, an attorney for Wal-Mart Stores, Inc., triggered the AGC's investigation of Cocco.

[2] Bar Counsel charged that Respondent violated the following MLRPC: (1) Rule 1.1 (Competence); (2) Rule 3.4 (Fairness to Opposing Party and Counsel); (3) Rule 4.1 (Truthfulness in Statements to Others); (4) Rule 4.4 (Respect for Rights of Third Persons); (5) Rule 8.1 (Bar Admission and Disciplinary Matters); and (6) Rule 8.4 (Misconduct).

[3] In her Motion to Vacate, Cocco alluded to an ongoing medical condition with which she was afflicted, stating that she had not practiced "in years" and that it was her intention "to contact the bar to request that [her] status be officially changed to inactive status." Although Bar Counsel prepared and sent a Joint Petition for Inactive Status to Cocco on July 2, 2014 and wrote again on July 16, 2014 to inquire about Cocco's desire to dispose of the matter in this way, Cocco did not respond. When contacted by an

Petition nor responded to Bar Counsel's requests for admissions. She did not attend the hearing conducted on August 8, 2014 by Judge Chandlee. At the hearing, Bar Counsel filed a motion pursuant to Maryland Rules 16-756 and 2-424(b) to have the requests for admissions deemed admitted, which the Circuit Court granted. After the hearing, the court denied Cocco's Motion to Vacate and issued the findings of fact and proposed conclusions of law set forth below.

**THE HEARING JUDGE'S FINDINGS OF FACT**

Cocco was admitted to practice law in Maryland on June 15, 2004. Robin L. Jones retained Cocco to pursue claims against a Walmart located in California, Maryland, sometime after sustaining injuries in an accident at the store on May 4, 2009. Although she and Jones agreed to file suit in St. Mary's County, Cocco never filed a lawsuit on behalf of Jones in any court.

In July 2009, Cocco attempted to obtain a copy of surveillance video of the May 4 incident from Walmart employees, but was informed that a subpoena was required. Approximately two months later, in September 2009, Cocco returned to the store and "demanded that the Wal-Mart employees immediately provide her with a copy of the surveillance videotape[, threatening] that, if the Wal-Mart employees did not comply with her demand to produce a copy of the surveillance videotape, a lawsuit would be filed." At this time, Cocco presented to the employees a knowingly invalid subpoena from the Circuit Court for St. Mary's County. Although the subpoena was signed by the clerk and bore the

_____

investigator with the AGC in an effort to execute the Joint Petition, Cocco requested that the AGC not contact her again.

seal of the court, Judge Chandlee found the subpoena to be invalid because "no lawsuit had been filed, it was not addressed to any individual and it requested immediate production of evidence." *See* Md. Rule 2-510(c) ("Every subpoena shall contain: (1) the caption of the action, [and] (2) the name and address of the person to whom it is directed[.]"). When the employees questioned the subpoena's validity, Cocco threatened to sue them personally if they did not comply immediately. As a result of these threats and the subpoena, the employees gave the video to Cocco. Cocco's representation of Jones was later terminated by the client before suit was filed.

Bar Counsel began its investigation in response to a complaint filed by Christopher R. Dunn, an attorney for Walmart. Cocco responded to Bar Counsel's initial inquiry, arguing both that the complaint should be dismissed due to the statute of limitations or estoppel and that the subpoena was used to obtain pre-trial evidence to which Jones was entitled. Bar Counsel replied to Cocco, indicating that she had failed to respond to Dunn's core allegation: that she had presented a knowingly invalid subpoena and threatened the store's employees with suit if they did not immediately comply with her demands for the surveillance video. Cocco again responded, writing: "Give[n] that the alleged behavior happened on 9/17/09 it is well past the 3 year Statute of Limitations[;] accordingly I have nothing else to say on this matter." Bar Counsel notified Cocco that the complaint had been docketed, informed her that attorney disciplinary matters are not subject to statutes of limitations, and requested a response to its most recent letter. Cocco responded that she "was unable to recall any additional information about the September 17, 2009 incident."

**THE HEARING JUDGE'S CONCLUSIONS OF LAW**

Judge Chandlee found, by clear and convincing evidence, that Cocco violated MLRPC 3.4(c); 4.1(a)(1); 4.4(a); 8.1(a) and (b); and 8.4(a), (c), and (d).

MLRPC 3.4(c) provides that a lawyer shall not "knowingly disobey an obligation under the rules of a tribunal except for an open refusal based on an assertion that no valid obligation exists." The court concluded that Cocco violated Rule 3.4(c) when she "knowingly issued and served an invalid subpoena in violation of Maryland Rules 2-404, 2-411, and 2-412 and demanded immediate compliance."

MLRPC 4.1(a)(1) provides that "[i]n the course of representing a client a lawyer shall not knowingly . . . make a false statement of material fact or law to a third person." The court concluded that Cocco violated Rule 4.1(a)(1) when she "misrepresented to Wal-Mart employees that they were required to comply with the invalid subpoena."

MLRPC 4.4(a) provides that "[i]n representing a client, a lawyer shall not use means that have no substantial purpose other than to embarrass, delay, or burden a third person, or use methods of obtaining evidence that the lawyer knows violate the legal rights of such a person." The court concluded that Cocco violated Rule 4.4(a) when she presented the invalid subpoena and misrepresented to the employees that they were obligated to comply.

MLRPC 8.1 provides:

> An applicant for admission or reinstatement to the bar, or a lawyer in connection with a bar admission application or in connection with a disciplinary matter, shall not:
> (a) knowingly make a false statement of material fact; or
> (b) fail to disclose a fact necessary to correct a misapprehension known by the person to have arisen in the

4

matter, or knowingly fail to respond to a lawful demand for information from an admissions or disciplinary authority[.]

The court concluded that Cocco violated Rule 8.1(a) when she "misrepresented to Bar Counsel that the subpoena was a valid means of obtaining pretrial discovery" and 8.1(b) when she "failed and refused to respond to Bar Counsel's requests for information regarding the issuance of the subpoena and the communications between [Cocco] and Wal-Mart employees."

MLRPC 8.4 provides in part:

> It is professional misconduct for a lawyer to:
> (a)   violate or attempt to violate the Maryland Lawyers' Rules of Professional Conduct, knowingly assist or induce another to do so, or do so through the acts of another;
>
> * * *
>
> (c)   engage in conduct involving dishonesty, fraud, deceit or misrepresentation;
> (d)   engage in conduct that is prejudicial to the administration of justice[.]

The court concluded that Cocco's violation of several MLRPC provisions constituted a violation of Rule 8.4(a). It also found a violation of Rule 8.4(c) from Cocco's presentation of the invalid subpoena and misrepresentation to the employees that they were obligated to comply. In explaining that Cocco also violated Rule 8.4(d), the court summarized: "[Cocco's] conduct, taken as a whole including issuing and serving an invalid subpoena, threatening Wal-Mart employees, . . . and refusing to respond to Bar Counsel's requests for information, brings the profession into disrepute and violat[es] Rule 8.4(d)."

5

## DISCUSSION

### Standard Of Review

"In attorney discipline proceedings, this Court has original and complete jurisdiction and conducts an independent review of the record." *Att'y Grievance Comm'n v. Bleecker*, 414 Md. 147, 167, 994 A.2d 928, 940 (2010) (citations omitted). "We accept a hearing judge's findings of fact unless we determine that they are clearly erroneous." *Att'y Grievance Comm'n v. Guida*, 391 Md. 33, 50, 891 A.2d 1085, 1095 (2006).

Pursuant to Maryland Rule 16-759(b)(1), we review the hearing judge's proposed conclusions of law without deference. Thus, "the ultimate determination . . . as to an attorney's alleged misconduct is reserved for this Court." *Att'y Grievance Comm'n v. Garfield*, 369 Md. 85, 97, 797 A.2d 757, 764 (2002) (alteration in original) (citations omitted). "In that regard, we examine the record to ascertain whether there was sufficient evidence to support the hearing judge's legal conclusions, by a clear and convincing standard of proof." *Att'y Grievance Comm'n v. Tanko*, 427 Md. 15, 27–28, 45 A.3d 281, 288 (2012) (citation and internal quotation marks omitted).

### No Exceptions—Respondent's Admissions

Neither Cocco nor Bar Counsel notes any exceptions to the hearing judge's findings of fact or conclusions of law.[4] And, because Cocco filed no response to Bar Counsel's

---

[4] Although she filed no exceptions, Cocco did send a letter to the Court in October 2014, stating that she was "undergoing medical treatment for medical malpractice [that] left [her] with neurological issues." Cocco accused the AGC of harassing her while she underwent medical treatment and contended that the confluence of her medical condition, that she has not practiced law in over two years, and that she had not renewed her license in the previous year should "make this matter moot until and if [she becomes] able to

requests for admissions, they are deemed admitted. Md. Rule 2-424(b); *see Att'y Grievance Comm'n v. De La Paz*, 418 Md. 534, 542, 16 A.3d 181, 186 (2011) ("[Attorney] failed to file an answer to Bar Counsel's Petitions or respond to its Requests for Admissions of Facts and Genuineness of Documents; thus, the factual averments in those Petitions were deemed admitted."). When an attorney has failed to respond to Bar Counsel's requests for admissions and attempted to challenge a Rule 2-424(b) admission for the first time before this Court, we have denied the request. We have opined that an attorney "cannot challenge the sufficiency of the evidence supporting the findings of fact by advocating for the consideration of evidence that is contradictory to her admissions or not in the record." *Att'y Grievance Comm'n v. O'Leary*, 433 Md. 2, 31, 69 A.3d 1121, 1138 (2013); *see Murnan v. Hock*, 274 Md. 528, 534, 335 A.2d 104, 108 (1975) (referring to unanswered requests deemed admitted as "conclusively binding"). Thus, we do not disturb the factual findings deemed admitted.

As to any findings not deemed admitted due to Cocco's failure to respond to the request for admissions, both parties were permitted to file "(1) exceptions to the findings and conclusions of the hearing judge and (2) recommendations concerning the appropriate disposition[.]" Md. Rule 16-758(b). Cocco filed no exceptions. Thus, we shall accept the hearing judge's "findings of fact as established for the purpose of determining appropriate sanctions." Md. Rule 16-759(b)(2)(A).

---

practice." In her Motion to Dismiss, filed after the Court held oral argument, Cocco raised many of the same unavailing arguments. Neither of these filings covered the allegations addressed in the hearing judge's Findings of Fact and Conclusions of Law. Thus, we will deny her Motion to Dismiss.

7

## CONCLUSIONS OF LAW

We also agree with the hearing judge's conclusions that Cocco violated MLRPC 3.4(c); 4.1(a)(1); 4.4(a); 8.1(b); and 8.4(a), (c), and (d). In knowingly presenting an invalid subpoena in contravention of Maryland Rule 2-510,[5] Cocco violated MLRPC 3.4(c). *See Att'y Grievance Comm'n v. Mixter*, ___ Md. ___ (2015), slip op. at 104–05 (No. 7, September Term, 2013) (filed Feb. 2, 2015) (concluding attorney had violated MLRPC 3.4(c) when he disobeyed obligations under Maryland Rule 2-413(a)(2)). This misrepresentation was also a clear violation of MLRPC 4.1(a)(1) and 8.4(c). *See id.* at 108, 111–13 (concluding attorney had violated MLRPC 4.1(a)(1) and 8.4(c) when misrepresenting the enforceability of subpoenas to third parties). In presenting the invalid subpoena, Cocco threatened Walmart employees with personal suit, a clear violation of MLRPC 4.4(a). *See id.* at 109–11.

During the course of Bar Counsel's investigation, Cocco failed repeatedly to respond to the allegations that she had threatened third parties with an invalid subpoena. This was a violation of MLRPC 8.1(b). *See Att'y Grievance Comm'n v. Weiers*, 440 Md. 292, 306–09, 102 A.3d 332, 341–42 (2014) (concluding attorney had violated MLRPC 8.1(b) when although he had responded to the AGC, he "fail[ed] to cooperate readily and

---

[5] Maryland Rule 2-510 prescribes the proper use, issuance, form, and service of subpoenas. As discussed *supra*, the subpoena with which Cocco threatened the Walmart employees was invalid because no lawsuit had been filed and it was not directed to any particular person. See *infra* for further discussion of Rule 2-510.

8

fully with Bar Counsel").[6] We also agree with the hearing judge's conclusion that, overall, Cocco's conduct was "prejudicial to the administration of justice" and, consequently, an 8.4(d) violation. *See Mixter*, slip op. at 113–15 (discussing MLRPC 8.4(d) and concluding that attorney had violated the Rule). Taken together, these violations also constitute a violation of MLRPC 8.4(a). *Att'y Grievance Comm'n v. Van Nelson*, 425 Md. 344, 363, 40 A.3d 1039, 1050 (2012) ("Rule 8.4(a) is violated when other Rules of Professional Conduct are breached.").

### Sanction

Bar Counsel recommends that Cocco be disbarred or, alternatively, placed on inactive status. In its Recommendation for Sanction, Bar Counsel highlights Cocco's use of an invalid subpoena and her threats of suit to the Walmart employees if they did not comply. Bar Counsel also draws the Court's attention to Cocco's prior unrelated reprimand from the AGC in November 2010. This reprimand arose from a violation of MLRPC 8.4(d) for presenting "inappropriately provocative and inaccurate accusations of misconduct by an opposing counsel and [not following] appropriate procedures in pursuing her client's interests."

As we recently discussed:

> In selecting a sanction, we are cognizant of the principle that attorney discipline proceedings are not instituted to punish an offending lawyer, but rather to protect the public and the

---

[6] Without deciding whether Respondent's statement to Bar Counsel that the subpoena was a valid means of obtaining pretrial discovery qualifies as a false statement of material fact or mere advocacy—and, thus, whether this statement constitutes a violation of MLRPC 8.1(a)—we conclude that the issue is not dispositive for our ultimate decision, as will be apparent, *infra*.

9

> public's confidence in the legal profession. Imposition of a sanction protects the public in two ways: through deterrence of the type of conduct which will not be tolerated, and by removing those unfit to continue in the practice of law from the rolls of those authorized to practice in this State. Our selection of an appropriate sanction is guided by the nature and gravity of the violation, the intent with which the violation was committed, and the particular circumstances surrounding each case . . . .

*Att'y Grievance Comm'n v. Park*, 427 Md. 180, 195, 46 A.3d 1153, 1161 (2012) (internal citations and quotation marks omitted).

When determining the appropriate sanction, we must also consider any mitigating factors. *Att'y Grievance Comm'n v. Roberts*, 394 Md. 137, 165, 904 A.2d 557, 574 (2006) ("The appropriate sanction depends on the facts and circumstances of each case, including any mitigating factors." (citation omitted)). Here, the hearing judge found no mitigating factors, and there is no reason to upset that finding. *See Att'y Grievance Comm'n v. West*, 378 Md. 395, 411, 836 A.2d 588, 597 (2003) ("On review, we keep in mind that the findings of the trial judge are *prima facie* correct and will not be disturbed unless clearly erroneous." (citation omitted)).

Cocco committed an egregious misrepresentation when she used an invalid subpoena to threaten individual third parties into complying with her demand for information. "A lawyer, as a member of the legal profession, is a representative of clients, *an officer of the legal system* and a public citizen having special responsibility for the quality of justice." Md. Rule 16-812, Preamble: A Lawyer's Responsibilities (emphasis added). Despite a client's expectation that an attorney be a zealous advocate, "[a] lawyer should use the law's procedures only for legitimate purposes and not to harass or intimidate

10

others." *Id.* In knowingly presenting an invalid subpoena to Walmart employees and threatening them with personal liability for failure to comply, Cocco failed to meet the high bar of ethical behavior set for an attorney. *See Att'y Grievance Comm'n v. Childress*, 360 Md. 373, 381, 758 A.2d 117, 121 (2000) ("[A] lawyer, upon admission to the Bar, accepts and agrees to be held to a higher standard of rules of conduct that are significantly more stringent than the requirements of law held to society at large . . . ."). Cocco's misrepresentation, threats, and intimidation depart from this model of conduct and were a grave transgression and an abuse of her role as an officer of the legal system.

So, too, was Cocco's conduct harmful to the public perception of lawyers in general. By her actions, Cocco posed a risk to the public perception of the integrity of attorneys in general, and specifically of those serving a subpoena. Such misconduct is particularly significant because lawyers, unlike other persons, may obtain signed blank subpoenas to be completed as they see fit prior to service. *See* Md. Rule 2-510(b).[7]

An intentional misrepresentation—particularly one of this magnitude and with the broader implications discussed *supra*—ordinarily will warrant disbarment:

> Unlike matters related to competency, diligence and the like, intentional dishonest conduct is closely entwined with the most important matters of basic character to such a degree as to

---

[7] Maryland Rule 2-510(b) provides:
> On the request of a person entitled to the issuance of a subpoena, the clerk shall issue a completed subpoena, or provide a blank form of subpoena which shall be filled in and returned to the clerk to be signed and sealed before service. On the request of an attorney or other officer of the court entitled to the issuance of a subpoena, the clerk shall issue a subpoena signed and sealed but otherwise in blank, which shall be filled in before service.

> make intentional dishonest conduct by a lawyer almost beyond excuse. Honesty and dishonesty are, or are not, present in an attorney's character. **Disbarment ordinarily should be the sanction for intentional dishonest conduct.**

*Att'y Grievance Comm'n v. Vanderlinde*, 364 Md. 376, 418, 773 A.2d 463, 488 (2001) (emphasis added).

Here, Cocco committed a misrepresentation in the name of the court in an attempt to threaten and bully third parties who were unaware of the fallacious nature of the subpoena. In so doing, she seriously abused her trusted position as an officer of the court. Absent any mitigating factors, and with due consideration paid to the potential harm visited upon the public perception of lawyers in general, Cocco's transgressions warrant the strictest sanction. Time and again, we have reached the conclusion that disbarment is the appropriate sanction for intentional misrepresentations, particularly when they cast disrepute upon the public perception of lawyers. *See Att'y Grievance Comm'n v. Goodman*, 381 Md. 480, 499, 850 A.2d 1157, 1168 (2004) (disbarring an attorney for intentional misrepresentation after reasoning that "[o]nly in the case of compelling extenuating circumstances will we even consider imposing less than the most severe sanction of disbarment in cases involving dishonesty and fraudulent conduct" (citation and internal quotation marks omitted)); *Att'y Grievance Comm'n v. Pennington*, 387 Md. 565, 596, 876 A.2d 642, 660 (2005) (disbarring attorney for, among other misrepresentations, "falsifying a supposed settlement of . . . claims with [an] insurer[ and] intentionally misrepresenting matters in negotiations with third-party health care providers").

Accordingly, we conclude that disbarment is the appropriate sanction.

**IT IS SO ORDERED; RESPONDENT SHALL PAY ALL COSTS AS TAXED BY THE CLERK OF THIS COURT, INCLUDING COSTS OF ALL TRANSCRIPTS, PURSUANT TO MARYLAND RULE 16-761. JUDGMENT IS ENTERED IN FAVOR OF THE ATTORNEY GRIEVANCE COMMISSION AGAINST DARLENE M. COCCO IN THE SUM OF THESE COSTS.**