*Attorney Grievance Commission v. Matthew Richard Young*, Misc. Docket AG No. 28, September Term 2014

**ATTORNEY MISCONDUCT — DISCIPLINE — DISBARMENT —** Respondent, Matthew Richard Young, violated Maryland Lawyers' Rules of Professional Conduct 8.1(a) and 8.4(a), (b), (c), and (d). These violations stemmed from Respondent's contracting to perform work on the homes of a number of individuals without a valid home improvement license.

IN THE COURT OF APPEALS
OF MARYLAND

Misc. Docket AG No. 28

September Term, 2014

---

ATTORNEY GRIEVANCE
COMMISSION OF MARYLAND

v.

MATTHEW RICHARD YOUNG

---

Barbera, C.J.,
Battaglia
Greene
Adkins
McDonald
Watts
Harrell, Jr., Glenn T. (Retired,
Specially Assigned),
JJ.

---

Opinion by Barbera, C.J.

---

Filed: October 20, 2015

Petitioner, the Attorney Grievance Commission of Maryland ("Commission"), through Bar Counsel, filed in this Court a Petition for Disciplinary or Remedial Action ("Petition") on July 17, 2014, against Respondent, Matthew Richard Young. The Commission alleged that Respondent violated Maryland Lawyers' Rules of Professional Conduct ("MLRPC") 8.1(a) and (b) (bar admission and disciplinary matters) and 8.4(a), (b), (c), and (d) (misconduct) by contracting to perform home improvement work without a valid license and by engaging in dishonest and deceitful conduct during investigations by the Maryland Home Improvement Commission ("MHIC") and Bar Counsel. Pursuant to Maryland Rules 16-752(a) and 16-757(c), this Court designated the Honorable Marcus Z. Shar ("the hearing judge") to hear the matter and make findings of fact and conclusions of law.

The hearing judge conducted an evidentiary hearing on December 9, 2014, at which Respondent represented himself and testified on his own behalf. On January 26, 2015, the hearing judge issued written findings of fact and conclusions of law. Therein, the hearing judge concluded, based on clear and convincing evidence, that Respondent violated MLRPC 8.1(a) and 8.4(a), (b), (c), and (d), but did not violate MLRPC 8.1(b). Neither Petitioner nor Respondent filed exceptions to the hearing judge's findings of fact and conclusions of law.

For the reasons that follow, we agree with the hearing judge that Respondent violated MLRPC 8.1(a) and 8.4(a), (b), (c), and (d). We conclude, moreover, that the appropriate sanction for Respondent's misconduct is disbarment.

1

I.

The hearing judge made the following findings of fact by clear and convincing evidence. Respondent was admitted to the Bar of the Court of Appeals of Maryland on December 18, 2008. At the time, Respondent was employed by a construction management firm as a scheduler and construction manager but was laid off shortly thereafter. In February 2009, Respondent filed Articles of Organization with the State Department of Assessments and Taxation ("SDAT") to establish Carefree Construction Services, LLC ("the LLC"). Respondent testified that the purpose of the LLC was for construction management and scheduling. The hearing judge found, however, that Respondent had performed home improvement work through the LLC.

The hearing judge found that, from 2009 to 2013, Respondent contracted to perform home improvement work for thirty-two homeowners in the State of Maryland. For that work, Respondent received $152,426. Respondent argued that he used most of the money for expenses and that some of the work did not require a home improvement license because it was commercial in nature. The hearing judge found, nevertheless, that Respondent, who had "vast experience in home improvement," knowingly worked as an unlicensed home improvement contractor and earned a substantial amount of money as a result.[1]

_____

[1] The hearing judge was aware of Section 8-601 of the Business Regulation Article of the Maryland Code. That section, which is found in Title 8, "Home Improvement," subtitle 6, "Prohibited Acts; Penalties," provides:
> (a) Except as otherwise provided in this title, a person may not act or offer to act as a contractor in the State unless the person has a contractor license.
> (b) Except as otherwise provided in this title, a person may not act or offer

2

Respondent's brother, Brian Young, is a contractor licensed by MHIC. Respondent testified that Brian gave Respondent permission to "use" Brian's license to perform home improvement work. Brian testified that he and Respondent had one conversation about Respondent hypothetically working for him as a subcontractor on other projects; however, Brian never gave Respondent permission to enter into contracts under, or otherwise use, his license. The hearing judge, evidently believing Brian's testimony, discredited Respondent's testimony to the contrary.

In the summer of 2009, Respondent contracted through the LLC with Jake and Sunni McCarty to perform plumbing work at their home in Baltimore County, Maryland. For that work, the McCartys paid Respondent $2,605.66. The McCartys refused Respondent's subsequent demands for additional payment because they were not satisfied with the quality of his work. On June 5, 2012, Respondent filed suit against the McCartys in the District Court of Maryland, sitting in Baltimore County, seeking $984.17 in damages and $275 in attorney's fees. On June 8, 2012, the following email exchange occurred:

> [Mr. McCarty]:  Got your nice surprise. Please bear in mind that you are not licensed. Penalties are very harsh. . . . I have

---

to act as a subcontractor in the State unless the person has a contractor license or subcontractor license.

(c) Except as otherwise provided in this title, a person may not sell or offer to sell a home improvement in the State unless the person has a contractor license or salesperson license.

(d) A person who violates this section is guilty of a misdemeanor and, on first conviction, is subject to a fine not exceeding $1,000 or imprisonment not exceeding 6 months or both and, on a second or subsequent conviction, is subject to a fine not exceeding $5,000 or imprisonment not exceeding 2 years or both.

Md. Code (2011, 2015 Repl. Vol.), § 8-601 of the Business Regulation Article.

|  |  |
|---|---|
|  | called up the MHIC and checked on you not being licensed. You have until Tuesday to withdraw everything and write an apology, otherwise I will file a complaint that you were unlicensed acting as a contractor and trying to collect unfairly. So consider this your warning. You'll have to decide if going for $1000 bucks after abandoning a job that you ostensibly, but illegally did, is worth a misdemeanor. The court will not look favorably on you as an attorney trying to collect when it was illegal for you to perform the work in the first place. . . . |
| [Respondent]: | Make sure you bring your checkbook, because I will be filing a lien on your house as soon as I get the judgement [sic] against you and your wife. |
| [Mr. McCarty]: | Are you saying that you are going through? . . . I will forward your information onto Mike Miller again, the MHIC investigator and policeman. I spoke with him last year about your harassment and he suggested that I just file a complaint and the state will prosecute you if you did not have a license and there was proof that you performed work. I decided not to at the time since . . . it would adversely hurt you. You're being irrational. Taking a huge risk with serious consequences since you violated BR.8.601 in Maryland. |
| [Respondent]: | Are you forgetting, I AM A CONSTRUCTION ATTORNEY. There is nothing about construction law that you can learn on the internet that I am not an expert on. See you and Sunni in court. |

After a trial on August 17, 2012, the District Court entered judgment in favor of the McCartys. That court found, and the hearing judge agreed, that Respondent's lawsuit was frivolous and filed in bad faith.

In November 2009, Respondent contracted through the LLC with Jerry and Catherine Woods to perform home improvement work. The Woodses paid Respondent

4

$9,891.65 for that work but, because they were not satisfied with it, they refused Respondent's requests for additional payment. The same day he filed suit against the McCartys, Respondent filed suit against the Woodses in the District Court of Maryland, sitting in Baltimore County, seeking $4,003.58 in damages and $275 in attorney's fees. Respondent dismissed this suit voluntarily after judgment was entered in the McCartys' favor in that litigation. The hearing judge found that the lawsuit against the Woodses likewise was frivolous and filed in bad faith.

After the McCartys and the Woodses submitted written complaints to MHIC, Kevin Niebuhr, an investigator with the Department of Labor, Licensing & Regulations ("DLLR"), investigated those complaints and testified before the hearing judge. When Mr. Niebuhr first contacted Respondent in 2012, Respondent told Mr. Niebuhr that he was a licensed contractor, and though he initially refused, eventually gave Mr. Niebuhr a license number. Upon investigation, Mr. Niebuhr learned that the license number Respondent provided belonged to his brother, Brian, and that Respondent was not a licensed contractor at the time this work was performed. As part of his investigation, Mr. Niebuhr also contacted Brian, who informed Mr. Niebuhr that he did not perform work at either residence. The hearing judge found Mr. Niebuhr's testimony to be credible and further found that Respondent's conduct during the MHIC investigation was dishonest, fraudulent, and deceitful.

Mr. McCarty filed a complaint with the Commission on June 8, 2012. After Bar Counsel notified Respondent of the complaint, Respondent replied that the "claim that I am unlicensed is not accurate. I am licensed in Maryland and will provide proof of such

licensing upon further request." Based upon that representation, which the hearing judge found was an intentional misrepresentation, Bar Counsel dismissed the complaint. Mr. McCarty renewed his complaint on August 2, 2012. Respondent then responded to Bar Counsel that "I was working under my brother's license when I performed the work at Mr. McCarty's home." The hearing judge found, based on the testimony elicited by Brian Young and Mr. Niebuhr, that the information Respondent provided to Bar Counsel during its investigation was dishonest, fraudulent, and deceitful.

*The Hearing Judge's Conclusions of Law*

Based upon the above findings of fact, the hearing judge concluded that Respondent violated MLRPC 8.1(a) and 8.4(a), (b), (c), and (d).

### MLRPC 8.1

MLRPC 8.1 provides:

> An applicant for admission or reinstatement to the bar, or a lawyer in connection with a bar admission application or in connection with a disciplinary matter, shall not:
>
> (a) knowingly make a false statement of material fact; or
> (b) fail to disclose a fact necessary to correct a misapprehension known by the person to have arisen in the matter, or knowingly fail to respond to a lawful demand for information from an admissions or disciplinary authority, except that this Rule does not require disclosure of information otherwise protected by Rule 1.6.

The hearing judge concluded that Respondent violated MLRPC 8.1(a) by knowingly and intentionally misrepresenting to Bar Counsel that he had a home improvement license and later claiming that he was "working under" his brother's home improvement license.

### MLRPC 8.4

MLRPC 8.4 provides, in pertinent part:

6

It is professional misconduct for a lawyer to:

(a) violate or attempt to violate the Maryland Lawyers' Rules of Professional Conduct, knowingly assist or induce another to do so, or do so through the acts of another;
(b) commit a criminal act that reflects adversely on the lawyer's honesty, trustworthiness or fitness as a lawyer in other respects;
(c) engage in conduct involving dishonesty, fraud, deceit or misrepresentation;
(d) engage in conduct that is prejudicial to the administration of justice[.]

The hearing judge concluded that Respondent violated MLRPC 8.4(b) by knowingly and repeatedly acting as a home improvement contractor without a valid license, constituting numerous violations of Section 8-601 of the Business Regulation Article ("BR"), and calling into question Respondent's fitness as a lawyer. The hearing judge concluded that each violation of MLRPC 8.4(b) also constituted a violation of MLRPC 8.4(c), as did Respondent's misrepresentations to Mr. Niebuhr and Bar Counsel and his institution of frivolous lawsuits against the McCartys and the Woodses. The hearing judge concluded that this misconduct was prejudicial to the administration of justice in violation of MLRPC 8.4(d) because "it brings the legal profession and lawyers into disrepute." The hearing judge further concluded that Respondent, by violating MLRPC 8.4 (b), (c), and (d), violated MLRPC 8.4(a).

*Aggravating and Mitigating Factors*

The hearing judge found that Bar Counsel had established, by clear and convincing evidence, six aggravating factors.[2] The hearing judge found that Respondent had a

---

[2] In making those findings, the hearing judge referred to the list of aggravating factors set forth in *Attorney Grievance Commission v. Zhang*, 440 Md. 128, 171-72 (2014).

dishonest and selfish motive; displayed a pattern of misconduct; committed multiple offenses; made multiple intentional misrepresentations to Bar Counsel; showed indifference to making restitution; and engaged in illegal conduct. The hearing judge further found that Respondent failed to prove any mitigating circumstances by a preponderance of the evidence, noting Respondent's concession at the hearing that "[t]here's not much of a defense in this case."

## II.

"In attorney discipline proceedings, this Court has original and complete jurisdiction and conducts an independent review of the record." *Attorney Grievance Comm'n v. Page*, 430 Md. 602, 626 (2013). We accept the hearing judge's findings of fact unless they are clearly erroneous, and where, as here, neither party excepts to those findings, we may take those facts as established. *See* Md. Rule 16-759(b)(2)(A); *Attorney Grievance Comm'n v. Barton*, 442 Md. 91, 119 (2015); *Attorney Grievance Comm'n v. Nusbaum*, 436 Md. 609, 615 (2014). We review *de novo* the hearing judge's conclusions of law. *Attorney Grievance Comm'n v. Haley*, 443 Md. 657, 667 (2015).

Respondent knowingly misrepresented in his first contact with Bar Counsel that "Mr. McCarty's claim that I am unlicensed is not accurate. I am licensed in Maryland and will provide proof of such licensing upon further request." It was upon this knowingly false representation that Bar Counsel dismissed Mr. McCarty's initial complaint. Respondent then lied to Bar Counsel when he stated that he was "working under [his] brother's license" and had his brother's permission to "use" his home improvement license.

Respondent, a person with "vast experience in home improvement," knowingly worked as an unlicensed home improvement contractor and falsely claimed to Bar Counsel that Brian Young had given Respondent permission to use his license. Respondent's statements to Bar Counsel were dishonest, fraudulent, and deceitful. We agree with the hearing judge that these intentional misrepresentations to Bar Counsel violated MLRPC 8.1(a). *See Attorney Grievance Comm'n v. Nussbaum*, 401 Md. 612, 641 (2007).

We also agree with the hearing judge that Respondent violated MLRPC 8.4(a), (b), (c), and (d). Respondent violated MLRPC 8.4(b) by knowingly acting as an unlicensed home improvement contractor, which is a misdemeanor proscribed by BR § 8-601. *See Attorney Grievance Comm'n v. Worsham*, 441 Md. 105, 129 (2014) (explaining that, "[w]ith respect to MLRPC 8.4(b), so long as there is clear and convincing evidence of facts constituting a criminal offense, there need not be a criminal conviction in order to find that an attorney violated MLRPC 8.4(b)"); *Huffman v. State*, 356 Md. 622, 629 (1999) (holding that a contractor who entered into several agreements to perform home improvement work without a license could be prosecuted under BR § 8-601). This conduct further reflects adversely on Respondent's honesty, trustworthiness, and fitness as a lawyer because he knowingly violated a statute intended to protect the public. *Harry Berenter, Inc. v. Berman*, 258 Md. 290, 294 (1970) (holding that "the Maryland Home Improvement Law is a regulatory statute for the protection of the public and is not merely a revenue measure"); *see also Attorney Grievance Comm'n v. Tanko*, 427 Md. 15, 46-47 (2012) (concluding that the respondent violated MLRPC 8.4(b) by engaging in the unauthorized practice of law, which is a misdemeanor under the Business Occupations and Professions Article).

9

It is of no consequence that Respondent's misconduct did not involve the practice of law. *Attorney Grievance Comm'n v. Hodes*, 441 Md. 136, 174-75 (2014) ("When an attorney manifests dishonest, deceitful or fraudulent conduct in a personal or non-legal capacity, the lawyer brings into question whether he or she possesses the requisite character to practice law and to justify the trust and confidence necessary to interact with clients, the public and the legal system."); *see also Attorney Grievance Comm'n v. Johnson*, 409 Md. 470, 498 (2009) (holding that an attorney violated MLRPC 8.4(c) by acting as a settlement agent for a title company in a lease/buy-back transaction in which his subordinate misappropriated funds from a third party).

Respondent's criminal conduct also constitutes "conduct involving dishonesty, fraud, deceit or misrepresentation" in violation of MLRPC 8.4(c) because the homeowners who contracted with Respondent for home improvement work were under the false impression that he was permitted by law to do so. *See Attorney Grievance Comm'n v. Brown*, 426 Md. 298, 324 (2012) (noting that concealing material information from a client constitutes a violation of MLRPC 8.4(c)). Respondent further engaged in dishonest and deceitful conduct by falsely representing to Bar Counsel and to Mr. Niebuhr first that he was properly licensed and then that he was "working under" his brother's license. *See Attorney Grievance Comm'n v. Blum*, 373 Md. 275, 301-02 (2003) (concluding that the conduct that violated MLRPC 8.1(a) also formed the basis for a violation of MLRPC 8.4(c)). In addition, Respondent violated MLRPC 8.4(c) by threatening and ultimately filing frivolous lawsuits against the McCartys and the Woodses in bad faith. *Cf. Attorney Grievance Comm'n v. Cocco*, 442 Md. 1, 4, 10 (2015) (holding that an attorney violated

10

MLRPC 8.4(c) by knowingly presenting an invalid subpoena to third parties).

We also are in accord with the hearing judge's conclusion that Respondent's conduct, overall, is prejudicial to the administration of justice in violation of MLRPC 8.4(d). *See Attorney Grievance Comm'n v. Agbaje*, 438 Md. 695, 733 (2014) ("When an attorney proves untrustworthy, as was the case here, the trustworthiness of every member of the Bar is susceptible to being called into question, thereby diminishing the public's confidence in the legal profession."). We point, in particular, to Respondent's treatment of Mr. McCarty in their email correspondence, in which he threatened legal action and to file a lien on the McCartys' home. Respondent's attempt to leverage his position as an attorney to intimidate Mr. McCarty into paying him additional money reflects negatively on lawyers generally and undermines the public's confidence in the profession. *See Attorney Grievance Comm'n v. Green*, 441 Md. 80, 94 (2014) (concluding that an attorney violated MLRPC 8.4(d) where he threatened his client with legal proceedings if she failed to pay additional money by a certain date). It is further prejudicial to the administration of justice to clog the courts' dockets with frivolous and non-meritorious litigation. *See Attorney Grievance Comm'n v. Mixter*, 441 Md. 416, 526 (2015) (concluding that an attorney who filed numerous frivolous motions with the court engaged in conduct prejudicial to the administration of justice because he "impugned the efficacy of the courts and the legal profession").

We have held that, "when an attorney violates a rule of professional conduct, the attorney also violates MLRPC 8.4(a)." *Attorney Grievance Comm'n v. Smith*, 442 Md. 14, 36 (2015); *Attorney Grievance Comm'n v. Brigerman*, 441 Md. 23, 41 (2014) (concluding

that, "[b]ased on Respondent's numerous other violations of the MLRPC, Respondent also violated MLRPC 8.4(a)"). Respondent's violations of MLRPC 8.1(a) and 8.4 (b), (c), and (d) constitute a violation of MLRPC 8.4(a).

## III.

We turn now to the appropriate sanction for Respondent's misconduct. The disciplinary process for attorneys who commit misconduct has dual purposes. The first is "to protect the public and the public's confidence in the legal profession rather than to punish the attorney." *Attorney Grievance Comm'n v. Kobin*, 432 Md. 565, 585 (2013) (internal quotation marks omitted). The second is "to deter other lawyers from engaging in violations of the Maryland Rules of Professional Conduct." *Blum*, 373 Md. at 303. Those purposes are satisfied "when sanctions are imposed that are commensurate with the nature and gravity of the violations and the intent with which they were committed." *Attorney Grievance Comm'n v. Awuah*, 346 Md. 420, 435 (1997). We agree with Petitioner's recommendation that the appropriate sanction for Respondent's misconduct is disbarment.

It is well settled that disbarment is appropriate in the case of intentional dishonest conduct absent compelling extenuating circumstances. *Attorney Grievance Comm'n v. Goodman*, 381 Md. 480, 499 (2004) ("Only in the case of compelling extenuating circumstances will we even consider imposing less than the most severe sanction of disbarment in cases involving dishonesty and fraudulent conduct.") (internal quotation marks omitted). In circumstances where "it appears that the attorney has engaged in intentional dishonest conduct, the bar is set especially high, and disbarment will be the

12

appropriate sanction absent compelling extenuating circumstances." *Attorney Grievance Comm'n v. Palmer*, 417 Md. 185, 207 (2010) (internal quotation marks omitted). Disbarment is also appropriate when the lawyer's conduct brings the profession as a whole into disrepute. *Cocco*, 442 Md. at 12-13.

Respondent engaged in intentional dishonest conduct when he knowingly held himself out as a home improvement contractor without first obtaining the required license, which is a crime in Maryland. *See* BR § 8-601. He also exhibited dishonest behavior in his many interactions with Bar Counsel and MHIC by intentionally misrepresenting both that he possessed a proper home improvement license in his own name and that he was working under his brother's license with his brother's permission. The threats to Mr. McCarty and the frivolous lawsuits filed against both complainants, moreover, harm the public's confidence in the integrity of the legal profession. *See Cocco*, 442 Md. at 12 (disbarring an attorney whose "misrepresentation, threats, and intimidation depart from this model of conduct and were a grave transgression and an abuse of her role as an officer of the legal system"). Because the hearing judge did not find any mitigating circumstances and, in fact, found the presence of six aggravating factors by clear and convincing evidence, we will not depart from our practice of disbarring an attorney whose misconduct is characterized by intentional dishonesty.

That Respondent's misconduct did not involve the practice of law, we reemphasize, does not alter the outcome. *See Hodes*, 441 Md. at 174-75 (noting that the duties of a lawyer "include some lawyer acts that, even if not directly involving the practice of law, draw into question the ability or willingness of the lawyer to abide by professional

13

responsibilities" (quoting Restatement (Third) of the Law Governing Lawyers § 5 cmt. b (2000))). We have disbarred attorneys for intentionally dishonest conduct that was not directed towards a client in a legal setting. In *Attorney Grievance Commission v. Lazerow*, for example, we held that disbarment was appropriate for a non-practicing attorney engaged in a home-building enterprise because he used his customers' down payments to pay his bills instead of placing them in an escrow account. 320 Md. 507, 513 (1990). We concluded that the respondent should be disbarred even though "the misappropriation [was] committed in a nonprofessional capacity, since it involves a breach of trust or a fiduciary relationship and bears upon the fitness of a lawyer to practice his profession." *Id.* We reached the same result in *Attorney Grievance Commission v. Seltzer*, where the respondent misappropriated funds from his real estate company's escrow account over the course of nine months. 424 Md. 94, 118 (2011). Because that conduct was intentionally dishonest, though it existed wholly outside the practice of law, we concluded that the respondent was unfit to remain a member of this Bar. *Id.* at 117-18. Moreover, we have "held repeatedly that willful tax evasion is a crime infested with fraud, deceit and dishonesty, and will result in automatic disbarment absent clear and convincing evidence of a compelling reason to the contrary." *Attorney Grievance Comm'n v. Casalino*, 335 Md. 446, 452 (1994). The principles behind those decisions apply with equal force to Respondent's misconduct, which is likewise infected with dishonesty.

We also take into account Respondent's pattern of misconduct. *See Attorney Grievance Comm'n v. Coppola*, 419 Md. 370, 406-11 (2011) (noting that the respondent's pattern of misconduct in notarizing several falsely executed legal documents reinforced the

14

conclusion that disbarment was the appropriate sanction); *cf. Attorney Grievance Comm'n v. Sweitzer*, 395 Md. 586, 606 (2006) (concluding that indefinite suspension, rather than disbarment, was warranted for an attorney who signed his wife's name on a Motor Vehicle Administration title-transfer form without her authority because the respondent's "violations were not a pattern of misconduct"). Respondent acted repeatedly as an unlicensed contractor in violation of the laws of this State over a period of several years. He further perpetuated this charade by filing frivolous lawsuits against his clients and thereafter by falsely representing to MHIC and Bar Counsel that his actions were legitimate and proper. *See Attorney Grievance Comm'n v. Mininsohn*, 380 Md. 536, 562, 573 (2004) (disbarring an attorney for "willfully and regularly" violating MLRPC 8.4(b), (c), and (d) because that misconduct demonstrates a "lack of honesty and proclivity for engaging in conduct prejudicial to the administration of justice") (internal quotation marks omitted). "[W]e have held that disbarment follows as a matter of course 'when a member of the bar is shown to be willfully dishonest for personal gain by means of fraud, deceit, cheating or like conduct, absent the most compelling extenuating circumstances[.]'" *Attorney Grievance Comm'n v. Guberman*, 392 Md. 131, 137 (2006) (quoting *Md. State Bar Ass'n, Inc. v. Agnew*, 271 Md. 543, 553 (1974)). Accordingly, we conclude that disbarment is the appropriate sanction for Respondent's misconduct.

**IT IS SO ORDERED; RESPONDENT SHALL PAY ALL COSTS AS TAXED BY THE CLERK OF THIS COURT, INCLUDING COSTS OF ALL TRANSCRIPTS, PURSUANT TO MARYLAND RULE 16-761, FOR WHICH SUM JUDGMENT IS ENTERED IN FAVOR**

15

**OF THE ATTORNEY GRIEVANCE COMMISSION AGAINST MATTHEW RICHARD YOUNG.**